NEW-YORK,
May, 1810.

THOMAS
v.
RUMSEY.

THOMAS *against* RUMSEY.

A. brought an action for a *libel* against B. who pleaded, *puis darrein continuance,* that he was a partner with C. in the printing and publishing of the newspaper which contained the libel; and that A. brought a separate action against C. for the same identical publication, and recovered a judgment which had been satisfied, &c. On a demurrer, this was held to be a good plea; and that where the publication of a libel is the *joint* act of two or more persons, they may be joined in the same action; and if separate suits are brought against each, the plaintiff can have but one satisfaction, but may elect *de melioribus damnis.*

It is no objection to a plea of a former recovery and satisfaction, that it contains matter of fact and matter of record.

A *venue* is not necessary in a *plea;* the *venue* laid in the declaration draws to it the trial of every thing that is transitory.

THIS was an action for a *libel.* The *venue* was laid in the county of *Washington,* and the libel was charged to have been published on the 16th *April,* 1807, at *Salem,* in the county of *Washington.* The declaration contained three counts. The defendant pleaded not guilty, and issue was joined, as of *November* term, 1807. After the usual continuances, until *August* term, 1809, the defendant pleaded *puis darrein continuance,* as follows:

And the said *David Rumsey,* junior, by his attorney aforesaid, comes and says, that the said *David Thomas* ought not further to maintain his said action against him the said *David Rumsey,* junior, as to the first and second counts in the said declaration of him the said *David Thomas,* mentioned; because he says, that after the first *Monday* of *August,* in the year of our Lord

1809, from which day the aforesaid action was continu-
ed between the parties aforesaid, of the plea aforesaid,
until the second *Monday* of *November* next, before the
justices of the people of the state of *New-York*, of the
supreme court of judicature of the same people, at the
city-hall of the city of *New-York*, to wit, on the first
*Monday* of *August*, of *August* term of the same su-
preme court of judicature of the state of *New-York*, in
the year of our Lord 1809, the said court then being
held at the city-hall, in the city of *Albany*, the said *Da-
vid Thomas* impleaded one *Henry Dodd*, before the
justices aforesaid, in a plea of trespass on the case, for
the same identical writing and publishing, and causing
or procuring to be written and published the same iden-
tical libel, in the first and second counts of the said de-
claration of him the said *David Thomas* mentioned, and
such proceedings were, thereupon, had in the said court,
before the justices aforesaid, to wit, on the first *Monday*
of *August*, of *August* term of the same supreme court
of judicature of the state of *New-York*, in the year of
our Lord 1809, the said court then being held at the
capitol, in the city of *Albany*, before the justices afore-
said, that the said *David Thomas*, by the consideration
and judgment of the same court, before the justices afore-
said, recovered against the said *Henry Dodd*, in the
plea aforesaid, the sum of one hundred and forty dol-
lars and ninety-two cents, for his damages, which he
had sustained by the means of the writing and publish-
ing the same identical libel in the first and second
counts in the said declaration of him the said *David
Thomas* mentioned, and whereof the said *Henry Dodd*
was convicted, as by the record and proceedings thereof,
remaining in the said court, at the capitol, in the city of
*Albany*, before the justices aforesaid, more fully ap-
pears. And the said *David Rumsey*, junior, further
says, that afterwards, to wit, on the nineteenth day of

NEW-YORK,
May, 1810.

THOMAS
*v.*
RUMSEY.

*October*, in the year of our Lord 1809, before the justices aforesaid, at the city of *Albany*, the said *Henry Dodd* paid and satisfied to the said *David Thomas* the damages aforesaid, so as aforesaid recovered by the judgment aforesaid, for the same identical writing and publishing, and causing or procuring to be written and published, the same identical libel in the first and second counts in the said declaration of him the said *David Thomas* mentioned, as by the acknowledgment of satisfaction thereof, of record remaining in the said court of the city of *Albany* aforesaid, before the justices aforesaid, more fully appears. And the said *David Rumsey*, junior, further, in fact, says, that at the time of the writing and publishing, and causing and procuring to be written and published, the said supposed libel, in the first and second counts of the said declaration of him the said *David Thomas* mentioned, to wit, on the sixteenth day of *April*, in the year of our Lord one thousand eight hundred and seven, at *Salem*, in the county of *Washington*, aforesaid, and before and afterwards, the said *Henry Dodd* and *David Rumsey*, junior, were partners, in the way of printing and publishing, under the name, firm, style and description of "*Henry Dodd and David Rumsey*, junior," and as such partners, at *Salem*, in the county of *Washington*, aforesaid, printed and published a certain newspaper, entitled "*The Northern Post*," by the name, firm, style and description aforesaid, and being so therein partners, as aforesaid, they, the said *Henry Dodd* and *David Rumsey*, junior, on the same sixteenth day of *April*, in the year last aforesaid, at *Salem*, in the county of *Washington*, aforesaid, printed and published, in the said newspaper, the said supposed libel, in the first and second counts in the said declaration of him the said *David Thomas* mentioned, which last-mentioned printing and publishing of the said libel are the same writing and publishing of the

:same identical libel, in the first and second counts in the said declaration of him the said *David Thomas* mentioned, and not other or different; and this the said *David Rumsey*, junior, is ready to verify, wherefore the said *David Rumsey*, junior, prays judgment, if the said *David Thomas* his said action thereof, as to the first and second counts of the said declaration of him the said *David Thomas*, against him the said *David Rumsey*, junior, ought further to have or maintain, &c.

To this plea there was a demurrer, and joinder.

*J. Russel*, in support of the demurrer. The fact of the publication of this libel, by the defendant, is not denied; and the question is, whether a recovery against one person for the publication, is a bar to an action against another person for the publication of the same libel.

Reading or repeating maliciously a libel, is a publication.* An action may, therefore, lie against the defendant, as well as against *Dodd*, both having published the libel. Separate suits may be brought against joint trespassers;† though there can be but one satisfaction. There cannot be a joint publication of a libel, any more than there can be a joint slander. Every person concerned in the publication of the libel, or the propagation of the slander, is liable to an action. In *Mantin* v. *Kennedy*,‡ it was admitted, that separate actions for libels would lie against different persons engaged in the management and publication of a newspaper.

This is a plea *puis darrein continuance*, and it should rely solely on facts which have taken place since the last continuance, but it refers back to a partnership in 1807.

It is certainly bad for *duplicity*. It puts in issue the fact of the copartnership between the defendant and *Dodd*, and also the record of the judgment against the latter;§ thus putting at issue matter of fact and matter of record.

* *Hawk. P. C. b. 1. c. 73. s. 10.*

† 1 *Johns. Rep.* 390.

‡ 2 *Bos. & Pull.* 69.

§ 5 *Comyns, Pleader,* (E. 2.)

Another objection to the plea is, that the defendant has laid the *venue*, as to one part of the facts constituting his defence, in the county of *Washington*, and as to the other facts, he has laid the *venue* in the county of *Albany*.

*Foot* and *Crary*, contra. There was but one libel, and one publication; so that there is but one injury, for which the plaintiff is entitled to receive but one satisfaction. It is perfectly analogous to the case of separate actions against joint trespassers. A joint action for a libel will lie against two persons who are partners, and joint proprietors or publishers of a newspaper. In the case of *Cook* v. *Bachelor*,* it was held that two persons, being partners in trade, might maintain a joint action for slanderous words spoken of them, in regard to their trade.

* 3 *Bos. & Pull.* 158. See 2 *Saund.* 17. *Comyton* v. *Lithebye. Note* of Serj. *Williams.*

In *Maitland and others* v. *Goldney and another*,† there was a joint action of slander by partners in trade against two persons, and no objection was made.

† 2 *East*, 426.

The demurrer admits the fact of the partnership, and that it is one and the same publication.

Every plea of a former recovery puts in issue matter of fact and matter of record; and the plaintiff may traverse the matter of fact, and take issue on the matter of record.‡

In the case of *Ilderton* v. *Ilderton*,§ it was decided, that a *venue* as to the facts in the plea or replication was immaterial.

‡ 2 *Johns. Rep.* 227. 428.
§ 2 *Hen. Bla.* 1.

THOMPSON, J. delivered the opinion of the court. This case comes before the court upon a plea *puis darrein continuance.* The declaration is upon a libel. The plea states, substantially, a prosecution and recovery against *Henry Dodd*, of 140 dollars and 92 cents, by the plaintiff, for the damages which he had sustained by the same identical writing and publishing, and causing

NEW-YORK,
May, 1810.

THOMAS
v.
RUMSEY.

and procuring to be written and published the same identical libel, in the first and second counts of the declaration mentioned; and that the said damages have been paid to and received by the plaintiff, in satisfaction and discharge of the judgment so recovered against the said *Henry Dodd.*

No direct adjudication is to be found in the books, upon the question here presented. But it strikes me as highly just and reasonable, that the defence set up by this plea should prevail. The plea shows a joint publication by the defendant and *Henry Dodd;* and although the plaintiff might proceed against them separately, yet the case is very analogous to that of joint trespassers, where, although the party elects to proceed separately, he shall still have but one satisfaction from them all. (1 *Johns. Rep.* 290.) If the plaintiff had not accepted the damages recovered against *Dodd,* he might, perhaps, have proceeded to judgment against the present defendant, and then have elected *de melioribus damnis.*

The issue tendered by this plea is, that the present action is for the same identical cause of action, for which the recovery and satisfaction were had against *Dodd;* and if that be not so, the defendant would fail upon the trial of that issue. Although the libel be the same, yet a different publication would give another cause of action. The demurrer, however, admits the libel and publication in the present action to be the same as in the action against *Dodd.* We are, therefore, to take it for granted, that there was but one publication, and that the joint act of the defendant and *Dodd.*

There is, then, but a single injury; and if the plaintiff could have maintained a joint action, it would be unjust that he should have a double satisfaction.

I can see no objection against maintaining a joint action against several libellers. A joint indictment will be supported. This was settled, on argument, in the case

of *The King* v. *Renfield and Saunders*, (2 *Burr.* 985.) It was there held, that several defendants might be joined in one and the same indictment, or information for a libel, if the offence *wholly* arises from such a *joint act* as is criminal in itself, without any regard to any particular personal default of the defendant, which is peculiar to himself.

It is not like the case of perjury, where the perjury of one is not the perjury of another, but the perjury is a separate act in each. But where several persons join in singing one and the same libellous song, it is an *entire offence*, and one joint act done by them all. The case of *Maitland and others* v. *Goldney and another*, (2 *East*, 426.) was a civil action, brought against two jointly, and no objection appears to have been made on that ground; and from the opposition made, it is fairly to be intended, than if such an objection could have been supported it would have been taken.

The making and publishing a libel are matters susceptible of a joint concern and undertaking, as much as a trespass, or falsely and maliciously procuring another to be indicted. (2 *Saund.* 117. a. note.)

This is not like an action against several persons for speaking the same words. Such an action cannot be maintained, because the words of one are not the words of another. But with respect to libels, if one repeat and another write, and a third approve what is written, they are all makers of the libel, for all persons who concur, and show their assent or approbation to the doing of an unlawful act, are guilty; and in this respect the murdering a man's reputation, by a scandalous libel, has been compared to murdering his person; where all who are assisting and encouraging in the act, are guilty of homicide, though the stroke be given by one only. (5 *Mod.* 177.)

The merits of this case, then, are clearly with the defendant, and the objections of form, stated in the special demurrer, are of no weight.

The allegation in the plea of a partnership, between the defendant and *Henry Dodd*, is immaterial, and cannot be considered a substantial allegation, tendering a distinct and material issue; it is added only, in maintenance and support of the matter set up in bar, to wit, a joint publication with *Dodd*, and satisfaction made to the plaintiff therefor. Although the plea contains many parts, yet it forms but one connected proposition, leading to one point, and which requires but one answer. (*5 Com. Dig.* tit. *Pleader*, E. 2.)

This plea, like every other plea of a recovery and satisfaction, is mixed of matter of record with matter of fact; but this forms no difficulty, for the trial, in such case, may be by jury, equally as if the plea consisted entirely of matter of fact. The cases referred to in *Lytle* v. *Lee and Ruggles*, (*5 Johns. Rep.* 112.) fully support this position; and as to the *venue*, it follows the one laid in the declaration, for the whole matter of the plea, both as to the identity of the publication and the satisfaction, being to be tried by jury, the justification is not essentially local. The *gist* of the plea is, that this is the same cause of action, arising at the same place, with that in the other cause, and for which the plaintiff has obtained satisfaction.

The plea does not mean to lay a different *venue*. It follows that of the declaration, and only refers to the record of satisfaction, remaining in the office of the clerk of this court.

The *venue* in the plea is now perfectly immaterial. It may be omitted altogether, without being a defect of form. And unless the defendant specially justifies at a different place, and renders that place material, the court will not pay any regard to the venue in the plea, on the

NEW-YORK,
May, 1810.

JACKSON
v.
STEWART.

ground, that the place in the declaration draws to it the trial of every thing that is transitory. (2 *Hen. Black.* 161. 1 *Saund.* 8. a. 247. note 1. 2 *Saund.* 5. note 3.)

We are, accordingly, of opinion, that the defendant is entitled to judgment.

*Judgment for the defendant.*