CASE.

**Webb *vs* Cecil and Vaughan.**

*Case 51.*

APPEAL FROM THE FLOYD CIRCUIT.

*Slander of title. Libel. Conspiracy.*

*January 22.*

JUDGE BRECK delivered the opinion of the Court.

Case stated.

THE appellant sued the appellees in trespass on the case, for slandering his land title, and the only question for consideration, is whether the Circuit Judge was right in sustaining a demurrer to the declaration.

The declaration alleges that the plaintiff was lawfully possessed, of his own right, of a tract of land in the county of Floyd, on Sandy river; and on the — day of ——— 1846, entered into a contract with one James Hill, by which the plaintiff and said Hill were to cut 800 saw logs on said land of the plaintiff, and raft them to market—that having at great expense prepared to cut and raft said logs, and having cut only 180 of them, the defendants fraudulently pretended and asserted to said Hill and plaintiff, and the hands in their employ, that the plaintiff had no title to the land from which they were cutting said logs. And afterwards, on the ——— day of ——— 1846, alleged to said Hill and the hands in the employ of said Hill and plaintiff, that the land was the property of one Garnett, and that suit had been brought against the plaintiff as a trespasser, and then and there threatened to sue the plaintiff and said Hill for cutting said timber, and by reason of which, caused said Hill, and the hands in the employ of said Hill and plaintiff, to cease their operations in the business aforesaid, and thereby disturbing the plaintiff in his lawful possession. And it is further averred, that the defendants fraudulently and falsely spoke and published it on the day and year aforesaid, to divers good citizens of this State, that the title of the plaintiff to said land was invalid, and if he had any it was forged, thereby

preventing the plaintiff from procuring aid and assistance to work and use said land, and from disposing of the same. It is also alleged that said land was the land of the plaintiff, and not said Garnett, whereby, &c.

That the matters thus alleged would be sufficient to sustain several actions against the defendants, we apprehend there can be no doubt, but we are not satisfied they are sufficient to sustain an action against them jointly.

The tort complained of is verbal slander, and nothing more, for which it seems a joint action against two cannot be maintained. For a libel signed and published to a joint action, it has been held may be supported, and upon the ground that it is an *entire offence*, and one joint act done by them both. But such an action cannot be maintained against two for slanderous words, because the words of one are not the words of the other. The act of each constitutes an entire and distinct offence. And a further reason may be suggested that the same words spoken by one may occasion much greater injury than spoken by another, and that each should only be responsible for the injury inflicted by his own independent act: (1 *Chitty's Pleadings*, 98;) *Thomas* vs *Rumsey*, (6 *Johnson's Rep.* 32; 17 *Mass. Rep.*, 186.)

The allegations in the declaration are insufficient to sustain the action for a conspiracy to injure the plaintiff's title.

The demurrer, we think, was properly sustained, and the judgment is therefore affirmed.

*Apperson* for appellant; *Rice* for appellee.

A joint action cannot be maintained against two individuals for the slander of a title to land, by words no conspiracy being charged; but a joint action may be maintained for the joint publication of a libel; it is a joint act. (1 *Chtty's Plead.*, 98; 6 *John.*, 32; 17 *Mass. Rcp.*, 186.)