JOHN DEAN v. JOHN P. BORDER.

Where a bill of particulars of credits claimed by the defendant, contained the item "draft on Joseph Ables," and the defendant offered to prove that Joseph Ables had given him a draft on the plaintiff which the latter accepted and promised to place to his credit, and the plaintiff objected on the ground that the evidence did not respond to the allegation, it was held that the evidence was improperly admitted.

Where the defendant claimed a credit for a draft which had been drawn by a third person on the plaintiff in favor of the defendant, and by him passed over to the plaintiff, with the understanding that it was to be placed to the defendant's credit, it was held that in the absence of any allegation in the answer that the draft had been thus passed over to the plaintiff, the latter ought to have been notified to produce it, in order to authorize the admission of secondary evidence thereof.

See this case as to the grant of a new trial on the ground of newly discovered evidence, where such evidence consists of admissions made by the adverse party after the retirement of the jury.

Appeal from Leon. This was a suit on two promissory notes for about $3,000 with a prayer for the enforcement of a lien to secure the same on a certain steamboat. The defendant pleaded payment, and in reconvention. Verdict for the defendant for $669 59. Motion for a new trial on grounds which appear in the Opinion. The newly discovered evidence was that defendant had admitted, after the jury retired, to the counsel of the plaintiff, whose affidavits were produced, that on a fair settlement the plaintiff would not owe him anything. *Remittitur* of $222 06. Motion for new trial overruled. The other facts, as far as it is material to state them, appear from the Opinion.

*A. M. Lewis*, for appellant.

WHEELER, J. We are of opinion that the Court erred in

admitting parol evidence to charge the plaintiff upon the draft on Ables, for the causes assigned in the bill of exceptions : first that the evidence did not conform to the plea, and secondly, that the draft was not produced, nor was notice given to the plaintiff to produce it.   The only description given of the draft, in the defendant's pleading, was in the specification of items of payment annexed to the plea ; and this described it simply as a " draft on Joseph Ables," whereas the witness testified of a conversation about a draft, which he understood was drawn by Ables on Dean.   It is very clear that evidence of a draft drawn by Ables on Dean, would not support a recovery upon an averment of a draft drawn on Ables.   But if the witness may be supposed to have been mistaken in the less material matter of the particular direction of the draft, and it may be taken that his testimony related to the draft referred to in the plea, as perhaps it might, had a proper foundation been laid for the introduction of parol evidence to prove the contents of the draft ; still the objection is not removed, that no founda- was laid for the introduction of such evidence.   No notice was given to the plaintiff to produce the draft ; nor did the plea apprise the plaintiff that the defendant intended to charge him with the possession of it.   When the instrument is in the hands of the adverse party to lay the foundation for the introduction of parol evidence of its contents, notice must be given to him or his attorney to produce [it.   To this rule requiring notice, there are, it is true, exceptions ; as first, where the instrument to be produced, and that to be proved are duplicate originals ; secondly, where the instrument to be proved is itself a notice, such as a notice of the dishonor of a bill ; and thirdly, where, from the nature of the action, or pleadings, the party has notice, that his adversary intends to charge him with the possession of the instrument.   (1 Greenl. Ev. Sec. 561.)   But the present case does not come within either of the exceptions to the rule. The plea was not such as may be held to have apprised the plaintiff that the defendant intended to charge him with the

possession of the draft. Its non-production was in no way accounted for or excused; and it is clear therefore, that, no foundation whatever having been laid for the introduction of proof of the contents of the instrument by parol, the Court erred in admitting such evidence.

We are of opinion that the Court also erred in refusing a new trial. It cannot be disputed that the evidence, on account of the discovery of which it was asked, was newly discovered. Being the admissions of the defendant, made after the jury had retired to consider of their verdict, it could not possibly have been discovered in time for the trial by the use of any conceivable diligence; and there can be as little doubt, that it would change the result upon another trial. It comes clearly within the rules which have been laid down by this Court, as to what should be sufficient to entitle a party to a new trial, upon the ground of newly discovered evidence. (Watts v. Johnson, 4 Tex. R. 311.)

There may be cases in which the Court would be warranted in looking upon such evidence with distrust; and, perhaps, the Court would generally distrust an application founded solely upon evidence of admissions made by a party under such circumstances, where such evidence was the sole ground of the application; for it might be supposed that the admission was carelessly made, without a due consideration of the subject, or the consequences of the admission, or that the person deposing to the admission might be mistaken. And if the application for a new trial rested on the sole ground of the deposition of witnesses to the fact of the admission, we might hold that it was for the Court to judge of its credibility; and consequently, of the propriety of awarding a new trial upon it; in a word, that it was within the discretion of the Court, to grant or refuse a new trial upon such evidence, which this Court would not revise. But in the present case, the application does not rest solely on the deposition of witnesses as to the admissions of the defendant. The defendant's own voluntary affidavit cor-

roborates the affidavit of the witnesses as to the main fact ;
for though he states that the witnesses were mistaken as to the
precise extent of his admission, he admits that he did say that,
upon a fair settlement, the plaintiff would not owe him "much."
This reservation was not such as materially to alter the case
made by the deposition of the witnesses ; and it is to be ob-
served, in this affidavit he does not state that the plaintiff, in
point of fact, did owe him anything.  Moreover, it must be
admitted that the evidence of payment on which the verdict
was founded, is, to say the least, not very satisfactory.  It
rests in the main, and, indeed, almost solely, on the memory of
a single witness, as to transactions between the parties, of the
extent of which, there is reason to apprehend, he was not fully
informed.  From the facts to which he deposes, it is evident
his knowledge did not extend to the entire business transactions
of the parties from the time of the giving of the notes and deed
of trust, up to the trial,—a period of more than four years,—
for a considerable portion of which the parties appear to have
had dealings ; and there is reason to apprehend, that he may
have been mistaken as to the application of some of the pay-
ments to which he testifies.  It is remarkable that the evidence
of such payments, should have been left to rest upon the frail
memory of a single witness ; and that no other evidence of
transactions of such a nature, and of so much importance,
should have been preserved.  It certainly is remarkable, that,
if one of the notes so nearly extinguished by a payment, on the
very day, or the day after, it was given, both notes and the deed
of trust should have been retained by the plaintiff, and no evi-
dence of the payment retained by the defendant.

The jury, it is true, were the judges of the credibility of the
testimony and the weight to which it was entitled ; and their
verdict may be correct.  There is nothing in the statement of
facts which of itself, would, perhaps, have warranted the Court
in setting it aside.  But, from the evidence adduced in support
of the application for a new trial, there can be little doubt

that injustice was done by the verdict; and, especially, when it is considered, of how unsatisfactory a character, it must be admitted, the evidence was, upon which the verdict was rendered, we ·cannot doubt, that it was a proper case for the awarding of a new trial. The judgment is reversed and the cause remanded for a new trial.

Reversed and remanded.