Opinion by
Willson, J.

(Transferred from Austin.)

§ 345. Landlord and tenant; contract construed to be. a lease; estoppel; forcible detainer; case stated. Appellees brought this suit against appellant in justice’s court, under the’ statute of forcible entry and detainer, to recover possession of about one hundred acres of land, part of a tract of .three hundred and sixty acres. On the 4th day of November, 1S79, appellant purchased the whole of said three hundred and sixty acre tract, the same being sold at sheriff’s sale, by virtue of an execution against Henry Steele, one of the appellees, and one W. J. Steele, his agent. On the 24th of November, 1879, appellant, by virtue of said sale and sheriff’s deed to said three hundred and sixty acre tract, made to him, entered into actual possession of said land. These appellees and the said W. J. Steele, desirous of having appellant cancel said sheriff’s deed and to reconvey said premises to them, entered into a contract with appellant, whereby appellant was to have the exclusive use and control of the one *300 hundred acres in controversy, together with certain houses thereon, free from any charge for rent for a period of three (3) years. Appellant, under said contract, bound himself, that if appellees should faithfully comply with all the stipulations of said contract, that he, at the expiration of the three years, would turn said premises over to them and make them a deed to same.
The three years having expired, and appellant being called upon by appellees to vacate the premises and make them a deed therefor, declined to do so, claiming that they had failed to comply with certain of the stipulations of their contract. Whereupon appellees brought this suit in the justice court to recover possession of the one hundred acres. Upon the trial in said court, he was found guilty, and judgment given against him, from which he appealed to the county court of -Falls county, where the case, on the 15th of July, 1883, was tried before the court, a jury being waived, and appellant again found guilty, and judgment given against him for the possession of said premises as well as for $158 damages, the same being for loss of time of appellees, attorney fees, and for withholding said premises from them for the year 1883.
It is .contended by appellant that the contract above referred to was not such a lease of the land as created the relation of landlords and tenant between appellees and himself, or such a state of case as entitled them to maintain against him the summary remedy provided by the statute. We think differently. The contract expressly stipulated that on the 1st day of January, 1883, the premises should he delivered by appellant into the possession of appellees. At the expiration of that time, possession was demanded of him, and he asked permission to occupy the premises long enough to gather his cotton crop. He was granted until the 1st of February, 1883. When asking for this extension of time, he did not controvert appellees’ right to possession; he did not claim that appellees had failed to perform the conditions *301 of the contract;'he made no objection whatever to their claim for possession. It was not until the extension of time granted him had expired, that he claimed that the contract had not been performed by appellees, and that therefore they had forfeited their right to the possession of the premises thereunder. We think that, under this state of facts, the trial judge was correct in holding that appellant, by his acquiescence in the non-performance of the condition complained of by him, and by his acknowledgment of appellees’ right of possession after the expiration of the term stipulated in the contract, was estopped from afterwards denying the validity and legal effect of the contract. He had held possession of the premises, occupied, used and cultivated them, for the full term of three years, under and by virtue of this contract, and had never complained that appellees had not performed their part of the contract, and made no such complaint when called upon for possession when the three years’ term had expired. It would be inequitable, under these circumstances, to permit him to question the right of appellees to have possession of the premises at the end of the term. [Portis v. Hill, 30 Tex. 561.] After the expiration of that term he was a tenant by sufferance, and was guilty of forcible detainer in holding the premises after demand in writing made therefor by appellees. [R. S. arts. 2440-2442.]
§ 846. Forcible detainer; complaint in; description of premises. The complaint was sufficient. It alleged facts which entitled appellees to the summary remedy under the statute. It described the premises by referring to an exhibit which was attached to, made part of, and filed with, the complaint, and'.which exhibit contained a full and specific description of the premises. [R. S. arts. 2444, 2445.] The description of the premises is merely for identification, and is not such matter as is required to be formally averred. We can see no objection to its being shown by an exhibit, as in this instance. [Rule 19 for District Courts.]
*302 ’§ 847. Demand in writing of possession; parol proof of. It was not error to allow appellees to prove by parol that they had made a demand in writing upon appellant for possession of the' premises. This was not proving the contents of the demand, but Only the fact that such a demand had been made. But even if it were proving the contents of the writing, it was permissible in this cáse, because the complaint alleged that the demand in writing had been made of appellant, and this necessarily charged him with the possession of the writing, and was equivalent to a notice to him to .produce it on the ‘trial, and, failing to produce, parol evidence was admissible to prove its contents. [1 Greenl. Ev. § 561; Dean v. Border, 15 Tex. 298; Hamilton v. Rice, id. 382.] .Furthermore, it is questionable whether the manner of proving the demand can be objected to, unless it has been specially pleaded that a proper demand was not made. [Warren v. Kelly, 17 Tex. 545.]
§ 848. Damages' in forcible entry and detainer; rules as to. The judgment for $158 damages is not .warranted by the evidence and the law. Article 2459 of the Revised Statutes provides, “ On the trial of said cause, in- the county court, the appellee shall be permitted to prove the damages for withholding the possession of the premises from the appellee during the pendency of the appeal, anpl for the reasonable expenses of appellee in prosecuting or defending the cause in the county court,” etc. It will be perceived that the damages for withholding pos-' session are limited to during the pendency of the appeal; In this case the judgment in justice’s court was rendered' February 23, 1883, and judgment" in the county court was rendered July 16, 1883. Pending' the appeal, on April 1, 1883, appellant vacated the premises, and ap-' pellees took possession thereof. Appellant withheld possession from appellees, pending the' appeal, only a little more than one mouth, and yet the judgment of the court awarded them damages for the entire year of 1883. It was proved that the land could have been cultivated *303 in cotton that season after it was vacated by appellant, and that in fact a portion of it had .been cultivated by appellees. There was no evidence as to the amount of damage sustained by appellees by the withholding of the possession of the premises. ’ There was some indefinite proof as to the rental value of such land during the year 1883, but it was too vague, and remote to authorize a finding for any amount. Again, the judgment awarded $40 as attorney’s fees, when there was no proof that this amount was reasonable expenses for defending the cause in the county court.
October 18, 1884.
Eeversed and remanded.