Mr. Justice James
delivered the opinion of the Court:
This is an action for malicious prosecution. The first count of the declaration alleges in substance that the defendants, William Fletcher, Jonathan Magarity and James W. Magarity, by conspiracy between them, falsely and maliciously, etc., procured the defendant, James W., at Fairfax Court House in Virginia, to appear before one Taylor, a justice of the peace for Fairfax County, to charge that the plaintiff, being a witness in a certain cause on trial before the Circuit Court for Fauquier County, Virginia, committed perjury therein, (setting out the matter) and procured the said James W. falsely, etc., to cause the said justice to grant his warrant for the arrest of the plaintiff. The declaration alleges the consequent arrest of plaintiff, his appearance, examination and discharge by the examining magistrate.
The second count contains similar averments of the procuring of James W. Magarity to appear before one Clarke, a justice of the peace of Fairfax County, Virginia, to charge the plaintiff with having committed perjury in testifying on the trial of a cause in Hamilton County, in the State of Ohio. It *247 alleges in substance that the defendants procured the said James W. to cause the said Clarke to issue his warrant for the arrest of the plaintiff; that the defendants “ thereby procured the said plaintiff to be arrested by his body, and to be held under the said arrest,” etc., that the plaintiff.gave bail for appearance, that he appeared and was examined, and was thereupon discharged. Finally, as. to all of these injuries, this count- concludes as follows: “ By means of which prosecution the plaintiff hath been greatly injured,” etc.
It appears, then, that the arrest was a substantive part of the matters complained of in this count.
At the trial the plaintiff gave evidence to prove the facts relating to the arrest on a charge of perjury committed in Fauquier County, Virginia, and then.offered to prove, for the purpose of showing malice, that he had been arrested, at the instigation of Jonathan Magarity and William Fletcher, in Washington City, about a year before the pending trial, and about four years after this suit was brought, and also in January, 1890. Upon objection this evidence was excluded, and exception was taken. This point was not insisted upon, at the argument and it is sufficient to say that we think that acts done so long after the alleged original cause of action are not to be supposed to be in any sense a part of the original matter. Proof of these later arrests was properly excluded.
The plaintiff then offered in - evidence the warrant for arrest, and the affidavit of James' Magarity, relating to the perjury alleged to have been committed by the plaintiff in Ohio; and offered to prove his arrest under those proceedings. To this the defendant objected on the gronnd that the justice issuing the said warrant had no jurisdiction, and thereupon the court allowed it to be read in evidence for the purpose only of showing malice in the arrest charging perjury on the trial at Warrington, in Virginia, and refused to allow the plaintiff to show what was the result of the hearing upon the warrant charging perjury committed in Ohio, or to show that such prosecution was without probable cause. To this ruling the plaintiff excepted.
*248 This exception raises the question whether an action on the case for malicious prosecution can be maintained for falsely and maliciously proceeding for and procuring an arrest by a court which has no jurisdiction over the matter.
It is clear enough that a tort is committed and a cause of action arises, whether a person falsely and maliciously causes a court to exercise its legitimate authority, or by the same means causes a court, or rather, the person holding the court, to act without any authority to touch the matter in question; but the torts committed in the two cases are distinguishable. In the instance first stated, the court cannot be regarded as merely the implement of the prosecutor, whereby its acts are his acts; its acts are the acts of the law, and the act of the prosecutor consists of tortiousfy causing the law to act. It is true, all the harm done thereby is in law traceable to him, but the force used in doing it is not his act. He is answerable for the harm done because it is the consequence of his act, but his act consists strictly and only of falsely and maliciously prosecuting. As he cannot be charged with having used force, the action must be on the case, and not for a trespass.. Itwill be observed that the distinguishing fact in the case where the court had jurisdiction is that an act of the law cannot be regarded as a personal act of force, but when the court is without authority to act at all in furtherance of the complaint presented to it any proceeding thereon is held to be coram non judice. The person purporting to act as a judge acts only in the capacity of a person, and in that capacity he is capable of being a mere implement of the so-called prosecutor in the use of force; his acts can be the prosecutor’s acts. If, as a matter of fact, he makes an arrest at the request of the person who lodges the complaint the force used is held to have been used by the latter. It is immaterial that the magistrate is in such a case guilty of trespass; the person whom he assists is also guilty of trespass, and any action to recover for the injury thereby caused must be for trespass. It is not for tortiously instituting a prosecution that he is liable, but for tortiously using violence under the pretext of an apparent prosecution.
*249 It has been suggested by some courts that an action on the case may be brought in such a case for the tort committed merely by the false and malicious prosecution, and that damages may be recovered in that action for the consequent arrest on the ground that the arrest was a natural consequence of the complaint. It may be conceded that an action on the case strictly confined to the tort of falsely and maliciously prosecuting would lie, but we conceive that in that case recovery must be confined strictly to the damages caused by the mere prosecution; as, for example, the expense of defending, and perhaps the annoyance and discredit caused even by a causeless accusation. Bút the contention that the arrest is implicated, folded up in the causeless prosecution, is untenable. When the court has no jurisdiction to handle the matter complained of, it is not a natural consequence that it should meddle. Such a contention presumes that it is consequential to do wrong, and the law allows no such presumption. On the other hand, proof that an arrest was actually made at the instance of the prosecutor would be inadmissible in an action for merely prosecuting, since such proof could onty be relevant when the arrest was a substantive matter of action. To admit such evidence would be to assume that the action was not brought for merely prosecuting falsely and maliciously, but for causing an arrest by the malicious prosecution.
To apply these considerations, it must be observed that the action set forth in the second count is not for malicious prosecution simply. The subsequent arrest is stated as a substantive ground of action, and there is no room for the theory of consequential injury. The declaration discloses the want of jurisdiction in the justice who ordered the arrest, and alleges that it was in fact caused by the defendants to be made ; in other words, it alleges that the defendants were guilty of direct trespass. We are of opinion, therefore, that an action on the case cannot be maintained in such a case. This count was open to demurrer, but, in the absence of a demurrer it can be met in the way adopted by the defendants. They had a right to object to, proof of trespass in an action on the case. *250 Such proof is irrelevant to such an action, and the action cannot be maintained by it.
We have based our conclusions upon what we conceive to be well established principles, because the decisions in this country appear to present a conflict of authority. It is proper, however, that we should refer to them.
In Morris vs. Scott, 21 Wend., 281, Cowen, J. said: “A party who pursues a man by arrest in a court destitute of jurisdiction, may be sued in trespass for the false imprisonment; and the objection is, that whatever might have been his malice, and however plain the want of probable cause, the injured man cannot bring an action on the case, especially if he mention and claim damages in his declaration for the arrest and imprisonment. In such case he has committed an assault and false imprisonment; an act which, in its own nature, is a trespass vi et armis. But taking the authorities together, they give a decided countenance to an action on the case, though there may be a total want of jurisdiction, providing the malice and falsehood be put forward as the gravamen, and the arrest or other act of trespass be claimed as the consequence. This case, therefore, as it stood, at the common law, seems properly set down by Mr. Chitty as presenting a right to elect between case and trespass. 1 Chitty, 127. But be that as it may; a clear right of election arises under the statute. 2 R. S., 456. By that section, case may now be brought for almost any trespass affecting the person or personal property.”
It will be observed that this case was avowedly decided on the statute of New York, and that the court only undertook to say that it would be decided in the same way at common law. For this last proposition it cited Chitty on Pleading, and the case of Goslin vs Wilcock, 2 Wilson, 302.
In Hays vs. Younglove, 7 B. Mon., 545, the court said: “The only question is, whether he should not have sued in trepass. It is manifest the justice had no jurisdiction to issue the warrant, and that trespass could be sustained. But it has been held that when the proceeding is malicious and unfounded, though instituted in a court having no jurisdiction, either *251 trespass or case can be supported, 1 Chitty, 153, Morris vs. Scott, 21 Wend. * * * The case before us is of that character, and we are of opinion that the declaration is good.” It appears that this ruling was founded upon the case in 21 Wendell, and upon the passage in Chitty referred to in the latter. On referring to Chitty we find that the sole authority on which he said that either case or trespáss might be brought, where the court in which the prosecution was instituted was without jurisdiction, was Goslin vs. Wilcock, supra. That was an action on the case. It appeared that the'plaintiff and defendant lived in- Taunton, where the' plaintiff became indebted to the defendant, on a contract there made, for about five pounds. The defendant, instead of suing in Taunton, followed the plaintiff to Bridgewater, and there brought suit in the court of Bridgewater on the contract, and caused the plaintiff to be taken on a capias ad. resp. Being advised that the borough court had no jurisdiction of causes of action arising out of that borough, he discontinued his action, and brought suit in Taunton, where he recovered judgment. Thereupon the plaintiff brought this action. The j ury gave a verdict for five pounds damages, and the case came up on a motion for a new trial. The question whether the action should have been for trespass was not considered. All of the judges delivered opinions, and the question discussed by them was, whether malice was shown, and whether it could be proven unless the pleadings showed that the defendant knew that the borough court had no jurisdiction of a cause arising in Taunton. A new trial was refused distinctly on the ground that they thought the verdict was on the side of justice, and that a new trial ought not to be granted merely because the declaration did not justify the necessary evidence. We think this case hardly establishes the doctrine that there is an election between trespass and case, and that the cases which rest upon it, are therefore not authorities which we are called upon to follow.
Stone vs. Stevens, 12 Conn., 218 (225) is the next case cited for the plaintiff. That was an action for “ malicious arrest.” It appeared that a search warrant had been issued by a justice *252 of the peace by the procurement of the defendant, that the plaintiff was arrested thereon, and that he was tried and finally acquitted and discharged by the justice. On motion in error for a new trial, it was urged that the justice had no jurisdiction to try and acquit the plaintiff for theft on a search warrant. Huntington, J.,p said: “It is unnecessary to decide whether our constitution and laws authorize the arrest of a defendant, upon a search warrant. We express no opinion on that point. But if it be prohibited, the consequence deduced from it by the defendant does not follow. It is not a legitimate inference from the premises assumed. An action on the case for a malicious prosecution may be maintained, where the Court, has no jurisdiction, if the proceedings are malicious qnd unfounded, and without probable cause, and occasion legal damage to the party accused. Precedents of such actions are frequent in the history of judicial trials; and they are conformable to the principles which govern these actions. They are well expressed by the court in Chambers vs. Robinson, i Strange, 691. ‘Abad indictment serves all the purposes of malice, by putting the party to expense, and exposing him, but it serves no purpose of j ustice in bringing the party to punishment if he be guilty. ’ Wickes vs. Tentham, 4 Term Rep., 247; Poppet vs. Hearn, 5 B. & Ald., 634.”
The cases cited do not at all, we think, support the position of the court. They were cases in which the prosecution failed because the indictment was defective. It could not be said that, in case of such defect, the proceeding was coram non judice, and was therefore a mere trespass committed by the prosecutor with the help of another trespasser. The court acted judicially, and could not be regarded as the prosecutor’s personal implement. His act consisted, as we have indicated, in having tortiously caused a court to act.
On the other hand, the following cases were cited on the part of the defendant: In Turpin vs. Henry, 3 Blackf., (Ind.) 210, the court said: “An action of malicious prosecution can only be supported in cases where the prosecution was-under the regular process and proceedings of some judicial *253 officer or tribunal; if ithe proceedings • complained of were extra judicial the remedy is trespass.” In Bixby vs. Brundige, 2 Gray, 129, the Court said: “Where the magistrate has no jurisdiction of the offense of which the plaintiff was accused, the proceedings before him are of no legal force or validity, etc.; they are therefore insufficient to sustain the action for malicious prosecution.”
We think the weight of authority is with these decisions. Whether any damages can be recovered in an action for malicious prosecution, where the court had no jurisdiction, it has not been necessary for us to decide; though we have not seen fit, on the other hand to deny that damages might be recovered for the injury caused by the mere act of prosecuting. It is enough that damages for the arrest cannot, in such a case, be recovered in this form of action.
The next, and only remaining exception is, that the court allowed the jury to determine what was probable cause. The language of the charge was as follows: “Now gentlemen of the jury, it is for you to pass'on the question of probable cause. Of course, I hardly need say to you that if you are satisfied from the imperfect explanation of the court as to what is necessary from the evidence in this case, that these defendants did have probable cause, reasonable cause, to do what they did, that would end the case, ‘and your verdict would be for the defendants.”
• It is only by severing the first of these two sentences from the other, and assuming that, after telling the jury it was for them to pass on the question of probable cause, the court there dropped the subject, that the judge can be understood to allow them to determine a matter of law. But these two sentences cannot be severed. The court proceeded to advise the jury that they were to pass on the question of probable cause in the light of what had already been said of the evidence necessary to make out probable cause.
We find no error in the rulings of the court, and the judgment is therefore—

Affirmed.