GEORGE H. BLAKE *et ux. vs.* LAWRENCE W. SMITH *et ux.*

In an action against husband and wife, for slander, a declaration which includes a count on words spoken by the husband with a count on words spoken by the wife is bad for a misjoinder of causes of action : For words spoken by the husband, the action should be against him alone.

An action cannot be maintained against two persons jointly for slander, because the words spoken by one are not the words of another. The act of each constitutes an entire and distinct wrong.

To say of a woman, " She is a woman of bad character ; she keeps a bad house where men go at times ; she is a low woman and does not keep a respectable house," is actionable *per se* as imputing, in the ordinary and obvious sense of the words, the keeping of a house of ill fame, resorted to for prostitution and lewdness, which is an indictable offence.

In the absence of averments in a declaration for slander showing that the language complained of was used in such a sense as to import a criminal charge, the words spoken of a woman, " She is a bad woman and a disgrace to the neighborhood ; she ought not to be allowed on the street ; she is a damned bitch," are not actionable ; for though suggestive of vicious or immoral conduct they do not amount to a charge of any offence known to the law.

TRESPASS ON THE CASE for slander.   Certified from the Common Pleas Division on demurrer to the declaration.

*May* 22, 1896.   TILLINGHAST, J.   This is an action of trespass on the case for slander.   The declaration contains five counts.   The first and third counts set out certain slanderous language alleged to have been uttered and published by the defendant Lawrence W. Smith of and concerning plaintiff Emma Blake ;   the second and fourth counts set out certain slanderous language alleged to have been uttered and published by the defendant Nellie Smith of and concerning the plaintiff Emma Blake ;   and the fifth count sets out certain slanderous language alleged to have been uttered and published by both of the defendants of and concerning the plaintiff Emma Blake.

The defendants have filed a general demurrer of the declaration on the grounds :—

1.—That the plaintiffs cannot join the defendants in an action for words spoken by the husband only.

2.—That the plaintiffs cannot join the defendants for slanderous words spoken by both of them.

3.—That in an action for slander for words spoken by the husband, words spoken by his wife cannot be joined.

4.—That joint action cannot be supported against two persons for verbal slander, the words of one not being the words of the other.

5.—That the language alleged to have been uttered and published by the defendants, or either of them, is not actionable *per se*, and that no special damages are alleged or special cause shown to make the language used of and concerning the plaintiffs, or either of them, otherwise actionable.

We think the demurrer in so far as it relates to the misjoinder of causes of action must be sustained.   It is clearly error to join the wife of the defendant in an action for words

spoken by the husband. For while the husband is liable at common law for his wife's torts,[1] (9 Amer. & Eng. Encyc. of Law, p 82–83, and cases cited in note 8; see also note to *Morgan* v. *Kennedy*, 30 L. R. A. 521–530;) yet the converse of this proposition is not true. And to allow her to be joined with her husband for a slander uttered and published by him, would be to make her liable for his wrong.

The declaration is also demurrable in that it charges, in the fifth count, that the slanderous language therein set out was uttered and published by both of the defendants jointly. It is well settled that an action cannot be maintained against two persons jointly for uttering and publishing slanderous words, because the words of one are not the words of another. The act of each constitutes an entire and distinct offence. *Webb* v. *Cecil*, 9 B. Mon. 198; *Thomas* v. *Rumsey*, 6 Johns. 32; *Penters* v. *England*, 1 McCord, (S. C.) 14; *Malone* v. *Stillwell*, 15 Abb. Pr. 42.

Mr. Townshend, in his valuable work on slander and libel, § 118, states the law on this point as follows: "If two or more utter the like words, either simultaneously or separately, it is not a joint publication, but a separate publication by each, for which each must be sued separately, and for which they cannot be sued jointly." (See cases cited in note 1.) "Within this rule, husband and wife are considered as separate individuals. If husband and wife utter the like words, either simultaneously or separately, they are two publications—a separate publication by each. For the words uttered by the husband he must be sued alone; for the words uttered by the wife the husband and wife must be sued together." See also note to *Morgan* v. *Kennedy, supra,* 527; *Roadcap* v. *Sipe*, 6 Gratt. 213; *Baker* v. *Young*, 44 Ill. 42. "Though the husband and wife speak the same words," says Starkie, p. 354, "the plaintiff must bring different actions and the court will not permit them to be consolidated, for it would be error to join the wife for words spoken by the

---

[1] This action was commenced in 1891, and hence is not affected by subsequent legislation regarding actions by and against married women. See Gen. Laws R. I. cap. 194, § 16.

husband only, and the declaration would be ill, either upon demurrer or on arrest of judgment." Dicey on Parties, (Truman's Notes) 325.

There may be a joint publication by writing, as, for instance, where the libel is signed by both of the defendants, or where the composition of a libelous letter is participated in by two and written by one of them, and afterwards sent by mail to the person to whom it was addressed. *Miller* v. *Butler*, 6 Cush. 71. In such case an action may be sustained against both, on the ground that it is an entire offence—a joint act. See *Russell* v. *Webster*, 23 Weekly Reporter, 59 ; *Harris* v. *Huntington*, 2 Tyler, (Vt.) 147 ; Starkie on Slander & Libel, 354 ; *Gazynaki* v. *Colburn*, 11 Cush. 10. So a husband and wife may be jointly sued for a libel published by them jointly. See *Catterall* v. *Kenyon*, 3 Q. B. 310 ; Townshend on Slander & Libel, 3d ed. § 119.

We might content ourselves by sustaining the demurrer for the reasons above given ; but as the plaintiffs may, and probably will, obtain leave to amend their declaration in the Common Pleas Division, either by discontinuing as to the defendant's wife or by striking out the count against the husband, and also the count which charges them both with uttering and publishing the slanderous language complained of ; and also may obtain leave to amend as to certain formal defects hereinafter mentioned ; we deem it wise to consider the last ground of demurrer, viz., that the language alleged to have been used was not slanderous *per se.*

The language alleged to have been used by the defendant Lawrence W. Smith, in the first count, is this : "She" (meaning the said Emma Blake) "is a woman of bad character ; she" (meaning the said Emma) "keeps a bad house where men go at all times ; she" (meaning the said Emma) "is a low woman, and does not keep a respectable house ;" meaning and intending thereby that the said Emma Blake was unchaste and guilty of the crime of adultery, and also that she kept and maintained a common nuisance, to wit, a place where idle, noisy, dissolute, intemperate and disorderly persons were in the habit of resorting against the law of the

State in such case made and provided. The language alleged to have been used by the defendant Nellie Smith, in the second count, is precisely similar to that above set out. The language alleged to have been used by the defendant Lawrence W. Smith, in the third count, is as follows: "She" (meaning the said Emma Blake) "is a bad woman and a disgrace to the neighborhood; she" (meaning the said Emma) "ought not to be allowed on the street; she" (meaning the said Emma) "is a damned bitch;" meaning and intending thereby that the plaintiff Emma Blake was guilty of adultery, and notoriously wanton and lascivious in her behavior. The language alleged to have been used by the defendant Nellie Smith, in the fourth count, is substantially similar to that set out in said third count.

It is well settled that language which imputes the commission of an indictable offence, for which corporal punishment may be inflicted, is actionable *per se.* It is also actionable falsely to charge one with an offence which, if proved, may subject the party to a punishment not ignominious but bringing disgrace. *Kelley* v. *Flaherty*, 16 R. I. 234; *Miller* v. *Parish*, 8 Pick, 384; *Brown* v. *Nickerson*, 5 Gray, 1. To charge the plaintiff Emma Blake with being "a woman of bad character, and keeping a bad house where men go at all times," is substantially equivalent to charging her with keeping a house of ill fame resorted to for prostitution and lewdness, which is an indictable offence. In other words, said language, taken in its ordinary and obvious sense, imputes the keeping of a place where disreputable people resort for illicit sexual intercourse, and hence is actionable without alleging special damage. It is not necessary that the defendant in so many words should expressly state that the plaintiff has committed a particular crime or offence, or that it should be stated with the technical precision required by the rules of criminal pleading. But if the crime or offence be imputed, in the ordinary language employed to denote it in lay conversation, and in such a way that the bystanders clearly understand that the plaintiff is thereby charged with the commission of the offence, it is sufficient. Odgers on

Libel and Slander, * 120 ; *Beaver* v. *Hides*, 2 Wilson, 300 ; Bigelow's Leading Cases on Torts, 101, note (b).   "*Mitiori Sensu.*"   The count under consideration is quite similar to a count in *Fitzgerald* v. *Robinson*, 112 Mass. 381, in which case it was held that to say of one, "He keeps a bad house, not a proper place of resort ; he keeps bad girls there ;" would be substantially equivalent to saying that he keeps a house of ill fame.

We do not think the language set out in the third and fourth counts is actionable *per se.*   To say of the plaintiff's wife that "she is a bad woman and a disgrace to the neighborhood, and ought not to be allowed on the street," and that "she is a damned bitch," is not to charge her with the commission of any offence known to the law.   For while said language may be suggestive of lewdness, it is also suggestive of drunkenness, of dishonesty, of viciousness and of other moral infirmities and derelictions.   And it is not sufficient merely to allege language which only amounts to an accusation of dishonest, vicious or immoral conduct, so long as it is not criminal.   We do not think the jury would be warranted in finding from the use of the language contained in said counts, without more, that the defendant intended to charge the plaintiff Emma with adultery or with wanton and lascivious behavior.   There are no preliminary averments of distinct substantive facts, and no *colloquia,* i. e. no averment that the language was used of and concerning such distinct and independent facts, in order to show that it was employed in a particular sense which would render it actionable.   *Seery* v. *Viall*, 16 R. I. 517 ; *Burns* v. *Williams*, 88 N. C. 159.

It is true that the *innuendoes* do impute such sense to the language ; but it is well settled that the *innuendo* cannot introduce a meaning broader than that which the words naturally bear, unless connected with proper introductory averments.   *Goldstein* v. *Foss*, 2 Younge & Jervis, 146 ; 13 Amer. & Eng. Encyc. of Law, p. 465, and cases cited ; *Carter* v. *Andrews*, 16 Pick. 1 ; *Snell* v. *Snow*, 13 Met. 278 ; *State* v. *Corbett*, 12 R. I. 290 ; *Hackett* v. *Telegram Publishing Co.*, 18 R. I. 589.

Of course we do not wish to be understood as deciding that such vile and scandalous language as that now under consideration may not be rendered actionable by a proper inducement or *colloquium*, but simply that it is not actionable as now set out in said counts. In the recent case of *Richmond*. v. *Loeb*, Index QQ. 111, this court pointed out how words not actionable in themselves may be made so by proper averments and *innuendoes*. See also *Emery* v. *Prescott*, 54 Mo. 389 ; *Dunnell* v. *Fiske*, 11 Met. 552.

The demurrer is sustained on the ground of the misjoinder of causes of actions, and the case remitted to the Common Pleas Division for further proceedings.

*George J. West & John E. Conley* for plaintiffs.

*Marquis D. L. Mowry,* for defendants.