JAMES VAN HORN ET AL. v. AMOS H. VAN HORN ET AL.

A declaration which set forth that the defendants had injured plaintiff in her business by malicious acts, among which were false statements concerning her credit, was, upon general demurrer, held to be good. Afterward the defendants pleaded the statute of limitations appropriate only to actions for words. *Held*, on demurrer to this plea, that the earlier adjudication in this court having settled that this declaration was not for slander, that question cannot again be litigated on this record.

On demurrer to plea.

Argued at February Term, 1891, before BEASLEY, CHIEF JUSTICE, and Justices MAGIE, DIXON and GARRISON.

For the plaintiff, *Robert H. McCarter.*

For the defendants, *Samuel Kalisch.*

The opinion of the court was delivered by

GARRISON, J.   This cause is before us on a demurrer to the second of defendants' pleas, viz., that the cause of action did not accrue within two years next before the commencement of this suit.   Upon a previous occasion this record was here on a general demurrer to the declaration, which was then held to be good.   *Van Horn v. Van Horn*, 23 *Vroom* 284.

The substance of the declaration is set out at length in the statement that precedes the opinion of the court in the case just cited.   The cause of action thereby disclosed is a malicious conspiracy to drive the plaintiff out of her business.   The means alleged to have been employed included the enticement of her servant, the procurement from her of secret information, the use of this information to break up a valuable business connection of the plaintiff's by means of false and fraudulent representations, and the sending of threatening letters to plaintiff's customers   In passing upon the demurrer to the

pleading thus framed Scudder, J., thus expresses the opinion of the court:

"This is an action on the case setting forth a malicious conspiracy or confederation with the means employed to effect its purpose and the resulting damages to the plaintiff. The basis of the action seems here to be, as stated in the declaration, the fraudulent and malicious acts of the defendants in driving plaintiff out of her business; the statement of the means used to effect this purpose all combine to produce a single cause of action."

After the declaration had been held good the defendant pleaded the statute of limitations applicable solely to words spoken (*Rev., p.* 594, §§ 1–3), so that the single question presented by this demurrer is whether the action is for words spoken; *i. e.,* whether the declaration is for slander.

We agree entirely with the conclusion heretofore reached in this court that this is an action on the case for malicious injury to the plaintiff in her business and not an action for words. The judgment then pronounced, even if unsound, must, so long as it remains upon this record unreversed, be deemed to have settled between these parties all questions then put in issue. The demurrer in that case was general, and hence went to matters of substance only. The pleading thus attacked did not in any part set forth the words spoken, or purport so to do; hence as a declaration in slander it was fatally bad. The judgment upon that demurrer was that the pleading was good; hence that it was not a declaration in slander. That same question is now sought to be again litigated here upon the same record. The interposition of the plea of special limitation, appropriate only to actions for words, raises but one issue, viz., is the declaration for slander. If it be, then, upon familiar principles, the court would be obliged to strike out the *narr.* as being a declaration in slander in which the words were not set forth. But that is the very question covered by the previous adjudication, so that upon this demurrer not only does the declaration stand, but it stands

adjudicated as being not for slander. This necessarily disposes of the defendants' plea.

The plaintiff's demurrer is sustained, with costs.