AMOS H. VAN HORN, PLAINTIFF IN ERROR, v. JAMES VAN HORN AND EMMA VAN HORN, DEFENDANTS IN ERROR.

1. In an action on the case against several for a tort, though a conspiracy be charged, one of the defendants may be found guilty and the others not guilty, the foundation of the action being the damage and not the conspiracy.

2. Where the action is against two or more, alleging a conspiracy to destroy the plaintiff's business by false and malicious statements concerning his character, and no conspiracy is proven, a recovery may be had against one of the defendants only for injuries produced by false representations made by him with malice and ill-will.

3. In such action it is not necessary to set out in the declaration the slanderous words which caused the injury. It is not regarded in the law as an action for slander, and the two years' limitation does not apply to it.

4. A creditor may lawfully inquire into the circumstances of his debtor, and the person inquired of may answer freely, and unless his communication be of facts which he does not honestly believe, or the communication be such as was made not for the honest purpose of giving the desired information, but to gratify a malicious purpose, no action will lie.

On error.

For the plaintiff in error, *Samuel Kalisch.*

For the defendants in error, *Robert H. McCarter.*

The opinion of the court was delivered by

VAN SYCKEL, J. This suit was instituted by Emma Van Horn and her husband against Amos. H. Van Horn and Casper Soer. The action is in tort, and the declaration, among other things, charges that the defendants conspired to injure Emma in her business of selling fancy goods, which she carried on in her own name, and that, by false and malicious statements concerning the personal and business character of Emma, they induced and persuaded one Snyder to remove the stock of goods he had supplied her with, and to refuse to deliver what he had expected to let her have, leaving her without any stock to sell or customers to sell to.

To this declaration both defendants filed a general demurrer, which was certified to the Supreme Court for its advisory opinion.

The opinion of the Supreme Court, found in 23 *Vroom* 284, advised the Circuit Court to overrule the demurrer, and held:

*First.* That an action will lie for a combination or conspiracy by fraudulent and malicious acts to drive a trader out of business, resulting in damages.

*Second.* The *gravamen,* in a civil action, is not the conspiracy, but the malice; the former is a matter of aggravation or inducement only in the pleading and evidence, under which one or all of the defendants may be found guilty.

The defendants then filed a plea of the statute of limitations, that the cause of action did not accrue within two years next before the commencement of the suit.

This plea is applicable exclusively to an action for slander.

The declaration does not set forth the words spoken, and is not in form an action for words spoken, but a special action on the case to recover damages occasioned by the malicious conduct of the defendants.

The Supreme Court decided that this is not an action for slander, and that the two years' limitation does not apply to it. 24 *Vroom* 514.

The cause then went down for trial before the Essex Circuit Court, and no evidence being there produced to establish

a conspiracy or to justify a verdict against Soer, a verdict was directed in favor of the defendant Soer.

The defendant Amos H. Van Horn then, by his counsel, insisted:

*First.* That the facts set forth in the declaration would not sustain the action against the defendant Van Horn alone.

*Second.* That the communication made by said Amos H. Van Horn to Snyder was privileged.

*Third.* That the action was barred by the two years' limitation.

The evidence shows that Emma Van Horn's husband was engaged in the furniture business. The defendant was engaged in a similar business on the same street near by.

The former was compelled to close his business by financial embarrassment, by reason of which he was ejected from the premises he occupied. Emma, his wife, then set up the millinery business in part of the premises which her husband had occupied.

She commenced this business with an old stock of millinery goods valued at about $200, and entered into an arrangement with one Snyder to receive from him goods to be sold on commission, amounting to about $1,500, of which about $400 worth were delivered to her under this arrangement. Evidence was offered to show that Snyder withdrew from this agreement to furnish goods to Emma, influenced by representations made by Amos H. Van Horn to him, which were alleged to be false and malicious, in consequence of which her business was broken up.

The jury was instructed that if the acts done by the defendant were prompted by malice and ill-will, with the purpose of injuring and obstructing the business of the plaintiff Emma, and such acts produced the injury complained of, the plaintiffs were entitled to recover.

There was evidence upon which the jury had a right to find in favor of the plaintiffs on this issue.

That evidence was properly submitted to the jury.

In *Parker* v. *Huntington*, 2 *Gray* 124, the action was against two for maliciously conspiring to have the plaintiff indicted. Mr. Justice Bigelow said that, by the ancient form of pleading, all actions for malicious prosecution, where two or more were made defendants, were laid with a charge of conspiracy, which practice is supposed to have its origin in the phraseology of 21 *Edw. I.*, but that the charge of conspiracy was never deemed essential ; it is mere surplusage and need not be proved, and there may be a recovery against one or both.

In *Pollard* v. *Evans*, 2 *Show.* 51, a recovery against one in an action on the case for conspiracy was maintained. This conclusion rests upon the rule as stated in *Wellington* v. *Small*, 3 *Cush.* 145, that in an action on the case for conspiracy, the gist of the action is not the conspiracy, but the damage done to the plaintiff.

This is in accordance with the declaration of Lord Holt in *Saville* v. *Roberts*, 1 *Ld. Raym.* 374, that conspiracy is not the groundwork of the action, but the damages done the party.

*Austin* v. *Barrows*, 41 *Conn.* 287, charged conspiracy, but the court held that the allegation of conspiracy brought no strength to the declaration, for it shows no additional cause of action ; an act which, if done by one alone is no cause of action, is not rendered actionable by being done in pursuance of a conspiracy.

In *Mogul Steamship Company* v. *McGregor et al.*, L. R., 15 *Q. B. Div.* 476, which alleged a conspiracy to injure plaintiff's trade, Lord Chief Justice Coleridge said that an action would lie for damages done to business by a conspiracy. When this case came again before the Lord Chief Justice, as reported in *L. R.*, 21 *Q. B. Div.* 544, he said that in a civil action it is the damage which results from the unlawful combination itself with which the civil action is concerned.

*Garing* v. *Fraser*, 76 *Me.* 37, adopts the like view.

In *Hutchins* v. *Hutchins*, 7 *Hill* 104, the New York court held that, in an action on the case against several for a tort, though a conspiracy be charged in the declaration, one of the

defendants may be convicted and the rest acquitted, the foundation of the action being the damage and not the conspiracy.

To recover against all, a joint wrong must be shown, but if only one is shown to be concerned, the plaintiff may still recover against the one.

The alleged injury in that case was effected by false statements concerning the plaintiff, which were not actionable *per se.*

*Jones* v. *Baker et al.,* 7 *Cow.* 444, is of like purport.

*Riding* v. *Smith, L. R.,* 1 *Exch. Div.* 91, was an action by a trader alleging that the defendant falsely and maliciously charged the plaintiff's wife with adultery, whereby the plaintiff was injured in his business. The action was upheld on the ground that the injury to plaintiff's business was the natural consequence of the words spoken.

Chief Baron Kelly said it was of little consequence whether the wrong was slander or whether it was a statement of any other nature calculated to prevent persons from resorting to plaintiff's shop.

In *Bowen* v. *Hall, L. R.,* 6 *Q. B. Div.* 333, the plaintiff successfully maintained his action against the defendant for maliciously inducing another to break his contract for service with the plaintiff, by which the plaintiff was injured in his business.

*Lumley* v. *Gye,* 2 *El. & B.* 216, which has been much discussed, was approved in the case last cited.

A like injury was declared to be actionable in *Walker* v. *Cronin,* 107 *Mass.* 555.

Mr. Justice Wells said : " The general principle is that, in all cases where a man has a temporal loss or damage by the wrong of another, he may have an action upon the case to be repaired in damages. The intentional causing of such loss to another without justifiable cause and with malicious purpose to inflict it, is of itself a wrong."

In *Coward* v. *Wellington,* 7 *Car. & P.* 531, a husband maintained an action for special damage in consequence of a letter

written by the defendant reflecting on the character of plaintiff's wife.

The rule to be deduced from these cases, and one which has the most ample support, is that, while a trader may lawfully engage in the sharpest competition with those in a like business by holding out extraordinary inducements, by representing his own wares to be better and cheaper than those of others, yet when he oversteps that line and commits an act with the malicious intent of inflicting injury upon his rival's business, his conduct is illegal, and if damage results from it the injured party is entitled to redress.

Nor does it matter whether the wrongdoer effects his object by persuasion or by false representation. The courts look through the instrumentality or means used to the wrong perpetrated with the malicious intent, and base the right of action upon that. The principle is that the action is founded on the tort, and can, therefore, be sustained against one as well as against several for the damage chargeable to the wrongful act. In no other view where conspiracy is alleged, in an action against two or more, could recovery be had against one alone, as two at least must participate to constitute conspiracy.

The courts almost uniformly disregard the charge of conspiracy as an actionable element, and consider the malicious injury and the resulting damage as the foundation and support of the action.　*Laverty* v. *Vanarsdale,* 65 *Pa. St.* 507.

*Pollock on Torts, p.* 267, says: " It seems to be the better opinion that the conspiracy is not in any case the gist of the action, but is only matter of inducement or evidence."

Mr. Bigelow, in a note to the leading cases on the *Law of Torts, p.* 214, says: " That the effect of the principal case is that the fact of conspiracy becomes actionable only when the act would be a ground of suit, if done by a single person."

The Maryland Court of Appeals, in *Kimball* v. *Harman,* 34 *Md.* 407, declared that an act which, if done by one alone, constitutes no ground of an action on the case, cannot be made the ground of such action by alleging it to have been done by and through a conspiracy of several.

The rule is firmly established in the cases that, in an action charging conspiracy, a verdict may be rendered against one alone upon proof that he intentionally inflicted the injury through persuasion or by false representations, instigated by malice.

This cannot, therefore, be regarded as an action for slander to which the two years' limitation will be a bar.

*First.* Because it was not necessary to set out the words of the false representation.

In an action for enticing away a servant, it is sufficient to declare that the defendant maliciously enticed, persuaded and procured the servant to leave the master, without specifying what means were resorted to, to accomplish the wrongful purpose. Such is the form given in the books of pleading and in the reported cases. *Lumley* v. *Gye, supra.*

Under such a declaration evidence in support of the action that the defendant effected his object by false representations concerning the character of the master would undoubtedly be competent, although the words are not set out in the pleading.

In *Haldeman* v. *Martin,* 10 *Barr* 369, which was an action for maliciously conspiring to injure the plaintiff by falsely accusing her of being pregnant with a bastard child, Chief Justice Gibson said " that the falsity of the charge in the first instance implies malice, and where the uttering of the words in which it is made is not the gist of the action, they need not be set out."

The declaration in this case avers that Amos H. Van Horn, maliciously intending to injure Emma, did, by means of fraud and deceit, persuade Snyder to decline to complete his contract, and did prevail upon him, by means of corrupt, fraudulent and deceitful representations and statements as to the personal and business character and standing of Emma, to remove the stock of goods he had furnished her with.

There is no reason why the means by which the wrong is done should be set out in the declaration in this case with more particularity than is required in the forms for enticing a servant to leave his master.

In the latter case the *gravamen* is that the servant is wrongfully induced to withdraw his services; in the former, the creditor is influenced and persuaded to withdraw his support from the plaintiff's business.

Again, this cannot be treated as an action for slander requiring the false representation to be set out, and subjecting it to the two years' limitation, because the action for this tort will lie against one or against two or more.

An action for slander will not lie jointly against two—such an action cannot be maintained, because the words of one are not the words of another.

A separate action for words spoken must be prosecuted against each. *Towns. Sl. & L.*, §§ 113, 118; *Thomas* v. *Rumsey*, 6 *Johns*. 26.

Even if husband and wife uttered similar words simultaneously, they were regarded as two separate publications, and an action had to be brought against the husband alone for what he said, and against both husband and wife for her words. *Odg. Lib. & S.*, *p.* 371, and cases cited.

If this is an action for slander, it would not lie against two. The facts that it will lie against two, and that the courts treat the damage resulting from the malicious intent as the gist of the suit, repel the conclusion that it is to be classed with actions of slander.

The plea of the statute of limitations was, therefore, in my judgment, no bar to this action.

As to the question of privilege, the trial court charged the jury that a man has a right to inquire of his neighbor into the circumstances of a person to whom he is giving credit, and that person may on such occasions communicate freely, and unless his communication be of facts which he does not honestly believe or the communication be such as was made not for the honest purpose of conveying the information to the inquirer, but such as in the judgment of the jury, under the evidence, shows that the defendant took advantage of that privilege to gratify a malicious purpose, no action will lie.

This is a correct statement of the law. There was evi-

dence of malice, and therefore the trial judge properly submitted the question of malice to the jury.

Such is the rule adopted in this court in *Andrew* v. *Deshler,* 16 *Vroom* 167.

In my opinion the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, ABBETT, LIPPINCOTT, REED, VAN SYCKEL, BOGERT, BROWN, CLEMENT, SMITH.   9.

*For reversal*—None.