MEYER W. STEIN, PLAINTIFF, v. WILLIAM SCHMITZ, LEWIS S. JACOBSON AND EUGENE V. REGALIA, DEFENDANTS.

Decided March 19, 1943.

For the plaintiff, *Harry Green.*

For the defendant William Schmitz, *Lewis S. Jacobson.*

WOLBER, C. C. J.   This matter comes before me on a motion to strike the complaint on the grounds that:

1. It is sham;
2. It is frivolous (*sic*);
3. It does not set out a cause of action;
4. It is against public policy.

At the same time there was a counter-motion on behalf of the plaintiff to expunge from the record the affidavit of William Schmitz on the ground that it violated the rules of the court in that it makes statements based on hearsay, states conclusions and characterizations, and fails to set forth facts in support of the motion, and further, that the notice of motion should be stricken on the ground that it does not

contain a particular statement of any defects in or objections to the complaint herein.

I shall consider the motion on behalf of the defendant Schmitz to strike the complaint on the ground urged, that it is insufficient in law.

The complaint filed herein sets forth that Schmitz and two others did "conspire, act in concert, and maliciously conceive a scheme to cause plaintiff to be disbarred, to ruin plaintiff and drive him from the practice of law, and to injure plaintiff's reputation and standing in his profession."

Paragraph 6 of the complaint uses the following language: "In pursuance of such scheme and conspiracy the said defendants willfully and maliciously and without justifiable cause, contriving and intending to cause plaintiff to be disbarred, to ruin him and drive him from the practice of law and to injure his reputation and standing in his profession as aforesaid, did on or about December 11th, 1940, file or cause to be filed a false and fraudulent complaint against the plaintiff in the Supreme Court of New Jersey, charging the plaintiff with unprofessional, unethical and criminal conduct, including among other things charges that plaintiff attempted to unlawfully extort moneys from the defendant Schmitz, that he threatened Schmitz with scandal and bad publicity predicated upon charges of adultery against said defendant made in a certain counter-claim filed by plaintiff, and that this plaintiff knew at the time he filed said counter-claim that said charges of adultery were untrue." Plaintiff further alleges in said paragraph that the said complaint was prepared by and under the direction of said defendants or some of them and was signed and sworn to by the defendant Schmitz.

Plaintiff further alleges that the Supreme Court referred the matter to the Board of Bar Examiners of the State of New Jersey for a hearing, and that hearings were had before the State Board on July 1st, 11th, 25th, August 1st, 7th and 13th, 1941, and that the defendants herein appeared and testified at said hearings.

The complaint then alleges that the charges made by

defendants against the plaintiff were utterly false and unfounded and there was no reasonable ground for making said charges and says that the Board of Bar Examiners subsequently filed a report that plaintiff was not guilty of the charges against him alleged in the complaint of the defendants.

In the tenth paragraph of the complaint it is alleged that at the time defendants filed the verified complaint in the Supreme Court, they knew that the charges made therein against the plaintiff were false and they filed the complaint willfully and maliciously and without justifiable cause and for the purpose of ruining the plaintiff in his profession and having him disbarred.

Plaintiff further alleges that at the time of the filing of said complaint, defendants had no reasonable ground to believe that the charges were true and they filed the same carelessly, wantonly and recklessly, in disregard of the rights of the plaintiff.

In the thirteenth paragraph of the complaint it is alleged that as a part of the conspiracy to injure the plaintiff defendants formed a scheme to entrap him and to create and establish circumstances and documents which might be misinterpreted to throw suspicion upon plaintiff and which would mislead the court, so as to aid defendants in accomplishing their purposes, and at the hearings the defendants caused and permitted to be placed in evidence exhibits acquired by them as a result of said scheme of entrapment, and falsely and maliciously persisted in said charges and testified so as to make the court and said Board of Bar Examiners believe that plaintiff was guilty of said charges against him.

In the *ad damnum* clause of the complaint plaintiff avers that by reason of the conduct of defendants he was placed in jeopardy of being disbarred from his profession and of being prosecuted criminally; he was injured in his reputation in his profession; greatly injured in his feelings and suffered great anguish and pain of mind and body; was prevented from attending to his lawful affairs and his law practice and suffered irreparable injury; he was obliged to

expend a great amount of time, labor and money in defending himself against these unfounded charges and was and has been subjected to the contempt of his friends, other lawyers, acquaintances and the public.

The complaint demands both compensatory and punitive damages against the defendants.

The complaint here does not set forth a cause of action for defamation, nor malicious prosecution, nor malicious abuse of process, nor a cause of action involving malicious interference with the performance of a contract. It is rather an action on the case setting forth a malicious conspiracy or confederation, with the means employed to effect its purpose and resulting damages to the plaintiff. It is a cause of action belonging to the class in which malice, in the sense of actual ill will, is a necessary element. The conspiracy is not the gravamen of the charge, but may be pleaded as aggravating the wrong of which the plaintiff complains, enabling him to recover against the three defendants as joint *tort-feasors*. If he fails in the proof of a conspiracy or concerted design, he may still recover damages against such as are shown to be guilty of the tort without such agreement. *Daly* v. *Singac Auto Supply Co.,* 103 *N. J. L.* 416; 135 *Atl. Rep.* 868 (1926, Black, J.).

We have in this complaint a cause of action similar to that set forth in *Van Horn* v. *Van Horn,* 52 *N. J. L.* 284; 20 *Atl. Rep.* 485 (Supreme Court, 1890, Scudder, J.). The difference between this type of action and slander is well stated in *Riding* v. *Smith,* 1 *L. R., Exch. Div.* 91, where a slander against the wife was charged as having injured the husband's business. Her name was stricken from the record as a joint plaintiff and the action was allowed to proceed by the husband as a trader carrying on business, founded on an act done by the defendant which led to loss of trade and custom by the plaintiff. It was maintainable on the ground that the injury to the plaintiff's business was the natural consequence of the words spoken, which would prevent persons from resorting to plaintiff's shop.

The basis of the action in the Van Horn case, as stated in

the declaration, was the fraudulent and malicious acts of the defendant in driving the plaintiff out of her business.

In a similar case between the same parties in 53 *N. J. L.* 514; 21 *Atl. Rep.* 1069, (Supreme Court, 1891, Garrison, J.), there was a demurrer to defendants' plea that the cause of action did not accrue within two years next before the commencement of the suit. The defendants pleaded the statute of limitations applicable solely to words spoken, so that the single question presented by the demurrer was whether the action was for words spoken; *i. e.,* whether the declaration was for slander. As the Supreme Court had held that the action was one on the case for malicious injury to the plaintiff in her business, and not an action for words, the interposition of the plea of special limitation, appropriate only to actions for slander, could not apply.

The Van Horn case was finally tried before the Essex Circuit Court and the jury was instructed that if the acts done by the defendant were prompted by malice and ill will, with the purpose of injuring and obstructing the business of the plaintiff and such acts produced the injury complained of, the plaintiffs were entitled to recover. There was a verdict against the defendant Amos Van Horn and he insisted in the Court of Errors and Appeals, 56 *N. J. L.* 318; 28 *Atl. Rep.* 669 (1893, Van Syckel, J.):

1. That the facts set forth in the declaration would not sustain the action against him alone;

2. That the communication made by him to one Snyder was privileged;

3. That the action was barred by the two years' limitation.

The court held that while a trader may lawfully engage in the sharpest competition with those in a like business by holding out extraordinary inducements, by representing his own wares to be better and cheaper than those of others, yet when he oversteps that line and commits an act with the malicious intent of inflicting injury upon his rival's business, his conduct is illegal, and if damage results from it the injured party is entitled to redress. It does not matter whether the wrongdoer effects his object by persuasion or by

false representation. The courts look through the instrumentality or means used to the wrong perpetrated with the malicious intent, and base the right of action upon that. The principle is that the action is founded on the tort, and can therefore be sustained against one as well as against several for the damage chargeable to the wrongful act. The charge of conspiracy as an actionable element is disregarded and the malicious injury and resulting damage are considered as the foundation and support of the action. The rule is firmly established in the cases that in an action charging conspiracy, a verdict may be rendered against one alone upon proof that he intentionally inflicted the injury through persuasion or by false representations, instigated by malice.

The court held that as the action was not one for slander, the two-year limitation would not be a bar.

As to the question of privilege, the trial court charged the jury that a man has a right to inquire of his neighbor into the circumstances of a person to whom he is giving credit, and that person may on such occasions communicate freely, and unless his communication be of facts which he does not honestly believe or the communication be such as was made not for the honest purpose of conveying the information to the inquirer, but such as in the judgment of the jury, under the evidence, shows that the defendant took advantage of that privilege to gratify a malicious purpose, no action will lie. As there was evidence of malice, the trial judge properly submitted the question of malice to the jury. This rule was adopted in *Andrew* v. *Deshler,* 45 *N. J. L.* 167 (1883, Green, J.).

Mr. Justice Minturn in the case of *La Porta* v. *Leonard,* 88 *N. J. L.* 663; 97 *Atl. Rep.* 251 (1915), which was a suit by a member of the bar for slander, held that the claim of privilege obtains recognition as an exception to a general rule of liability for tort-feasance, only from the highest considerations of necessity and public policy (1 *Street Leg. Liab.* 307) and adopted the American rule as distinguished from the English rule of absolute and unqualified privilege laid down in *Munster* v. *Lamb,* 11 *Q. B. D.* 588, that the

privilege of lawyers, witnesses and parties is conditional upon the pertinence of the matter to the question on hand and its materiality, citing 1 *Street Leg. Liab.* 308 and cases cited; also 25 *Cyc.* 377 and cases cited.

In *Louis Kamm, Inc.,* v. *Flink,* 113 *N. J. L.* 582; 175 *Atl. Rep.* 62 (1934), Mr. Justice Heher held that the right to pursue a lawful business is a property right that the law protects against unjustifiable interference, and that any act or omission which unjustifiably disturbs or impedes the enjoyment of such right constitutes its wrongful invasion and is properly treated as tortious. He cited the Van Horn case reported in 56 *N. J. L.* 318; 28 *Atl. Rep.* 669, and said that while ill will toward a person is malice in its common acceptation or popular sense, in the technical, legal sense it is the intentional doing of a wrongful act without justification or excuse, citing *Brennan* v. *United Hatters,* 73 *N. J. L.* 729; 65 *Atl. Rep.* 165 (1906, Pitney, J.). A wrongful act is any act which in the ordinary course will infringe upon the rights of another to his damage, except it be done in the exercise of an equal or superior right. An intent is wrongful if malicious, and malice may be inferred from the absence of just cause or excuse.

In *Malone* v. *B. of L. F. & E.,* 94 *N. J. L.* 347; 110 *Atl. Rep.* 696 (Supreme Court, 1920, Parker, J.), we find an action for malicious conspiracy and malicious conduct causing the discharge of the plaintiff from employment. Its gist is the same as that of *Brennan* v. *United Hatters, supra.* It was held that where the gist of the action is malice, general allegations of conspiracy, persuasion, threat, &c., are good pleading. See, also, *Minsky* v. *Satenstein,* 6 *N. J. Mis. R.* 978; 143 *Atl. Rep.* 512 (Supreme Court, 1928, Ackerson, S. C. C.).

In the case of *Saum* v. *Proudfit,* 122 *N. J. L.* 96; 4 *Atl. Rep.* (2*d*) 35 (Supreme Court, 1939, Perskie, J.), three causes of action were set up, namely: malicious prosecution, libel and malicious abuse of process. These alleged wrongs arose out of a complaint which defendant made to the New Jersey Real Estate Commission concerning plaintiff's

allegedly improper refusal to return to defendant a down payment of $10 made to plaintiff. Defendant filed a duly verified complaint with the commission, charging that plaintiff was guilty of withholding moneys rightfully belonging to defendant, contrary to *section* 13, *chapter* 141, *Pamph. L.* 1921; *R. S.* 45:15–17; *N. J. S. A.* 45:15–17. The cause was set down for hearing by the commission. All parties appeared. The cause was not reached by noon of the day set, when defendant left because he said that he was obliged to serve a milk route and could get no one to take his place. Thereafter the complaint was dismissed because of the "non-appearance" of defendant. Hence this suit and resulting judgment which defendant challenges. This case was submitted by the trial judge to the jury upon the theory that it was a suit solely for malicious prosecution in which the plaintiff sought to recover the damages which he allegedly suffered as a result of the proceedings which defendant had instituted against him before the real estate commission wrongfully and without reasonable and probable cause. The theory of the suit, so adopted and pursued, was binding upon the parties. Neither the count charging malicious prosecution nor the proceedings before the commission disclosed that plaintiff had been arrested or that he or his goods or other property had been attached or that he suffered some special grievance different from and superadded to the ordinary expense of a defense. Because of these undisputed circumstances, the count for malicious prosecution for the wrongful initiation of the civil proceeding before the commission did not lie. The only penalty defendant there and complainant before the commission incurred in the premises was an adverse bill of costs. *Potts* v. *Imlay,* 4 *N. J. L.* \*331 and \*334 (Supreme Court, 1816, Kirkpatrick, C. J.); *Bitz* v. *Meyer,* 40 *Id.* 252, 254 (Supreme Court, 1878, Van Syckel, J.); *Hammill* v. *Mack International Motor Truck Corp.,* 104 *Id.* 551; 141 *Atl. Rep.* 775 (1928, Parker, J.).

Cases like *Dwyer* v. *Anderson,* 113 *N. J. Eq.* 210; 166 *Atl. Rep.* 293 (Court of Chancery, 1933, Stein, V. C.); *Raimondi* v. *Bianchi,* 100 *N. J. Eq.* 238; 134 *Atl. Rep.* 866

(Court of Chancery, 1926, Berry, V. C.), and *Daly* v. *Watson,* 190 *Atl. Rep.* 320 (Court of Chancery, 1936, Egan, V. C.), are all cases in which the transactions of an attorney with his client were carefully scrutinized in the Court of Chancery on initiation of the client, and are not applicable here.

Cases like *Cooper* v. *O'Connor,* 69 *App. D. C.* 100; 99 *Fed. Rep.* (2d) 135, involving a banker accused by department agents of violating the banking laws; *Fletcher* v. *Wheat,* 69 *App. D. C.* 259; 100 *Fed. Rep.* (2d) 432, involving judges and other public officials who were charged with conspiracy to disbar; *Cook* v. *Dodge,* 164 *Misc.* 78; 299 *N. Y. S.* 257, involving the principal of a high school who brought suit in conspiracy against the superintendent and three members of the Board of Education for attendant defamation to his character on charges preferred against him; and *Anderson* v. *Rohrer,* 3 *Fed. Supp.* 367, involving a conspiracy charge against a federal district attorney and others, are not applicable here because in each of them the alleged injuries resulted from the performance of official duties.

There can be no question about the jurisdiction of the Board of Bar Examiners here over the complaint against the plaintiff for alleged unprofessional conduct, nor can there be any question that the proceedings were judicial in their character when the Board of Bar Examiners acted on behalf of our Supreme Court.

Even though membership in the bar is a privilege burdened with conditions, as the late Mr. Justice Cardozo said in *In re Roos,* 221 *N. Y.* 81; 116 *N. E. Rep.* 782 (1917), the attorney is protected, like any other person, against a wrong, predicated upon actual malice, as set forth in the complaint in this case.

In *Lance* v. *Apgar,* 60 *N. J. L.* 447; 38 *Atl. Rep.* 695 (1897, Van Syckel, J.), it was held that the committing of a trespass upon the rights of another was, *per se,* a legal injury from which some damage to the plaintiff would be inferred. If the extent of the injury is not proven, nominal damages only can be recovered, citing *Golden* v. *Knapp,* 41 *N. J. L.* 215 (Supreme Court, 1879, Beasley, C. J.).

Mr. Justice Garrison in *Haines* v. *Schultz,* 50 *N. J. L.* 481; 14 *Atl. Rep.* 488 (Supreme Court, 1888), said that punitive damages rest primarily upon the single ground—wrongful motive; that the engrafting of this notion on to personal suits has resulted in an anomalous rule, the doctrine of punitive damages being a sort of hybrid between a display of ethical indignation and the imposition of a criminal fine, but whether it is regarded in the one light or the other, it is the wrongful personal intention to injure that calls forth the penalty.

In this type of action, where the gist is the actual malice of the wrongdoer, surely punitive damages may be allowed.

I therefore conclude that the complaint sets forth a legal cause of action and is not against public policy. The motion to strike must therefore be denied, but because of the novelty of the questions involved, there will be no costs.