Bills of particulars are superseded. "If a pleading to which a responsive pleading is to be made is so *Page 472 
vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, he may move for a more definite statement before interposing his responsive pleading." Rule
3:12-5. In pursuance of the practice thus authorized, an application is made on behalf of the defendant for an order requiring the plaintiff to furnish a more definite and comprehensive statement in certain specified respects of his alleged cause of action.
In the consideration of a motion of this nature it is to be perceived that a request for a statement under Rule 3:12-5 is not to be recognized as the equivalent ad idem of the former demand for a bill of particulars. "It is serviceable only in extreme cases where a responsive pleading cannot be framed." See,Comment, Tentative Draft of Rules. The six "defects complained of and the details desired" in the present action have accordingly been studied in conformity with the evident object of the rule.
I have resolved that:
1. The plaintiff should reveal the purpose which impelled him to place title to the property in question in the name of the defendant.
2. The plaintiff should disclose whether the payments alleged in paragraphs 5 and 6 of the complaint were made by an agent.(Rule 3:9-3).
3. The information sought to be elicited by requests Nos. 4 and 6 should be supplied.
4. The plaintiff should inform the defendant of the name of the other party to the contract alleged in paragraph 7 of the complaint.
5. Recognizing the circumscribed object of the rule, the plaintiff will not be obliged to divulge the other details desired by the defendant. *Page 473