20 N.J. Super. 250 (1951)
89 A.2d 713
VOLTUBE CORPORATION, A CORPORATION OF NEW JERSEY, PLAINTIFF,
v.
B. & C. INSULATION PRODUCTS, INC., A CORPORATION OF NEW YORK, AND LOUIS SPERLING, DEFENDANTS.
Superior Court of New Jersey, Chancery Division.
Decided June 25, 1951.
*252 Messrs. Milton M. and Adrian M. Unger (Mr. Sam Denstman appearing), attorneys for plaintiff.
Mr. Lewis Winetsky, attorney for defendants.
EWART, J.S.C.
Plaintiff brings suit against the defendants on a complaint divided into two counts, in the first of which plaintiff seeks an injunction restraining the defendants from continuing to make alleged false statements as to the quality of plaintiff's products, its ability to carry on business, its financial stability, and from circulating disparaging statements concerning plaintiff's business and its products, and the manner in which its business is conducted, and in the second count of which the allegations of the first count are repeated by reference; the defendants are charged with knowingly and maliciously circulating such false statements relating to the plaintiff and its business, and under *253 the second count plaintiff seeks both compensatory and punitive damages from the defendants.
It appears from the allegations of the complaint that the plaintiff corporation was organized in 1951; that it is engaged in the business of manufacturing and selling electrical insulation; that the controlling stockholders and officers of the plaintiff corporation were formerly associated in business with the defendant corporation and with the individual defendant; that the plaintiff and defendants are competitors in the business mentioned; and that the defendants, for the purpose of injuring the plaintiff and in order to take over the plaintiff's customers and the trade and business of the plaintiff, have fraudulently embarked upon a course of conduct designed to injure the plaintiff and its business by making false statements to the plaintiff's customers and to the trade generally to the effect that the plaintiff's manufactured products were defective; that plaintiff was financially unsound; that plaintiff's vice-president was a crook; that plaintiff was not capable of producing the goods it was manufacturing and offering for sale; that plaintiff's plant where its merchandise was manufactured would never be completed because it had insufficient funds with which to erect the building; that plaintiff would not be able to continue in business; that plaintiff was defendant in suits instituted by mechanics against it and that plaintiff was going out of business; and that no credit should be given to the plaintiff because of its unsound condition and generally that the plaintiff was entirely unreliable and not fit to do business with.
Before answering, defendants have moved:
(1) To strike the allegations set forth in paragraphs 2, 3 and 4 of the first and second counts of the complaint upon the ground that the same are immaterial and impertinent.
(2) Requiring the plaintiff to file a more definite statement of its complaint.
(3) To enter judgment in favor of the defendants on that portion of the complaint (first count) seeking a judgment *254 of injunction and restraint, upon the ground that there is a failure to state a claim upon which such relief can be granted.
(4) To transfer the complaint to the Law Division because it is essentially a suit at law.
I deal with the points raised by the foregoing motion in the order mentioned, as follows:
FIRST: Paragraphs 2, 3 and 4 of the first and second counts contain allegations showing the date of incorporation of the plaintiff; the names of its officers and controlling stockholders; the purpose for which it was organized and the business in which it is engaged; the former connection of the plaintiff's controlling stockholders and officers with the defendants; the fact of certain litigation in or about 1950 between Sanford Cytron, vice-president and one of the controlling stockholders of the plaintiff, and the individual defendant, concerning the ownership of stock and an accounting for profits of the corporate defendant; the outcome of such litigation in favor of Cytron and against Sperling, the individual defendant; the knowledge, experience and skill of the controlling stockholders and officers of the plaintiff corporation in the operation and conduct of the business in which the plaintiff corporation is now engaged; the setting up of business by the plaintiff corporation and the solicitation by the officers of the plaintiff corporation among the trade for business, etc. These facts and circumstances would ordinarily be immaterial and impertinent. However, plaintiff, in its complaint, charges the defendant was motivated by malice and the complaint seeks punitive as well as compensatory damages. In such circumstance, the test of whether the matter pleaded is immaterial or impertinent is whether evidence in its support would be admissible at the trial. Parks-Cramer Co. v. Matthews Cotton Mills, 36 F. Supp. 236 (D.C.S.C. 1940). Schenley Distributors Corporation v. Renken, 34 F. Supp. 678 (D.C.S.C. 1940).
When the recovery of exemplary damages is sought and the pleadings properly disclose circumstances which *255 justify an allowance of such damages, any matters of evidence having a reasonable tendency to establish the existence or nonexistence of a fact or circumstance warranting the allowance of such damages may be introduced. Evidence of any fact which tends to show the motive and intent of the defendant in doing the act complained of is admissible. 15 Am. Jur., section 355, page 794; 25 C.J.S., Damages, § 159, page 811.
In view of the nature of the charges contained in the complaint, the charge that the defendants were motivated by malice, and the claim for punitive as well as compensatory damages, the background and circumstances surrounding the controversy between the parties to this suit, as set forth in paragraphs 2, 3 and 4 of the complaint, are matters that may be shown in evidence on the question of malice and punitive damages. The motion to strike those paragraphs will be denied.
SECOND: Defendant seeks a more definite statement of the plaintiff's complaint by requiring the plaintiff to specify the time and place where the alleged false statements were uttered; the exact language used; the particulars of the conduct complained of including the time and place thereof; the person or persons to whom such statements were made and in whose presence the conduct was enacted; and a statement of the manner in which and through whom the corporate defendant acted.
Rule 3:12-5 authorizes an order requiring a more definite statement where the allegations of the pleading in question are so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading. But it has been held that a more definite statement under that rule should be required only in extreme cases. Gorecki v. Gorecki, 1 N.J. Super. 471 (Ch. Div. 1948).
I do not consider that the defendants need any more definite statement of plaintiff's cause of action than is contained in the complaint in order to enable the defendants to frame a responsive answer. Details of the plaintiff's case, *256 such as time and place, exact language used, particulars of defendants' conduct, persons to whom and in whose presence the alleged statements were made, all may be secured by the defendants by means of interrogatories under Rule 3:33 or by means of an oral examination before trial of plaintiff's officers under Rule 3:26-1 et seq.
The motion for a more definite statement of plaintiff's cause of action is denied.
THIRD: On the ground that there is a failure to state a claim upon which relief may be granted, defendants move for judgment on the first count of the complaint which seeks an injunction.
The essential charges in the complaint are that the plaintiff and defendants are competitors engaged in the same general line of business; that defendants have been carrying on a campaign of slander against the plaintiff and its officers and business by false statements reflecting upon the honesty of one of the plaintiff's officers, upon the solvency and stability of the plaintiff corporation, upon the quality and worth of plaintiff's product, and upon plaintiff's ability to meet its commitments. And plaintiff charges that this slanderous campaign of the defendants against it is motivated by malice; that defendants' intent is to injure and damage the plaintiff in the conduct of its business, and that the plaintiff is suffering damage and will suffer irreparable damage and injury unless the defendants be restrained.
It appears to be a long established rule that equity will not enjoin libelous or slanderous statements injurious to one's business. In 28 Am. Jur., section 119, page 312, it is stated:
"It is settled by the decisions that where no breach of trust or of contract appears, equity will not enjoin libelous or slanderous statements injurious to plaintiff's business, trade or profession, or which operate as a slander of its title to property, but the complainant will be left to his remedy at law, if he has any."
That general rule has been recognized and followed in this State in the following cases: Mayer v. Journeymen Stonecutters' *257 Ass'n., 47 N.J. Eq. 519 (Ch. 1890); A. Hollander & Son, Inc., v. Jos. Hollander, Inc., 117 N.J. Eq. 578 (Ch. 1935); John R. Thompson Co., Inc., v. Delicatessen and Cafeteria Workers Union, etc., 126 N.J. Eq. 119 (Ch. 1939); Weiss v. Levine, 133 N.J. Eq. 441 (Ch. 1943).
See also opinion by Gray, C.J., in Boston Diatite Co. v. Florence Mfg. Co., 114 Mass. 69 (Sup. Jud. Ct. 1873).
In opposition to the rule stated, plaintiff cites the decision of Vice-Chancellor Egan in Russell v. Russell, 127 N.J. Eq. 555 (Ch. 1940). In that case, the complaint not only charged the defendants with circulating libels and slanders against the plaintiff and his business, to the great injury of the business, but also with having instituted a series of law suits designed to harass and injure the plaintiff and further charged a conspiracy between defendants to ruin the plaintiff and his business by a series of acts of which the circulation of libelous and slanderous statements was but one phase. In that case, the court granted a preliminary (not final) injunction and remarked that the restraint granted was only provisional and did not purport to finally conclude the rights of the parties (page 563).
The ground upon which the courts have generally refused to enjoin slander or libel, in the absence of a breach of trust or breach of contract, is that the plaintiff has an adequate remedy by a suit at law for damages. Certainly the courts of this State recognize that one's right to conduct and pursue a lawful business is a property right; that one is entitled to protection against undue molestation and unlawful or malicious interference with one's legitimate business and that for a violation or malicious interference with such rights, damages may be had in a suit at law. Van Horn v. Van Horn, 56 N.J.L. 318, 319, 323 (E. & A. 1893); Empire Cream Separator Co. v. DeLaval Dairy Supply Co., 75 N.J.L. 207, 211 (Sup. Ct. 1907); Louis Kamm, Inc., v. Flink, 113 N.J.L. 582 (E. & A. 1934); Strollo v. Jersey Central Power & Light Co., 20 N.J. Misc. 217 (Sup. Ct. *258 1943); Stein v. Schmitz, 21 N.J. Misc. 218 (Sup. Ct. 1943).
I conclude that the weight of authority, both within and without this State, is against the granting of an injunction prohibiting the circulation of slanders or libels, even where property rights are affected, and where no breach of trust or breach of contract is involved.
Judgment will be entered in favor of the defendants and against the plaintiff in so far as the complaint seeks an injunction against the defendants.
FOURTH: Defendants move to transfer this suit to the Law Division because it is essentially a suit at law. Having concluded that the plaintiff is not entitled to an injunction, the only thing left in the complaint is a suit for compensatory and punitive damages because of the alleged malicious slanders committed by the defendants against the plaintiff and its business. Such a suit is triable at law before a jury and not in the Chancery Division. The motion to transfer this cause to the Law Division for trial will be granted.