**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3889-18T1

KOREA TRADE INSURANCE
CORPORATION, a/k/a K-SURE
as assignee of CK SYSTEMS, INC.
and INDUSTRIAL BANK OF
KOREA, YEOKGOK BRANCH,

     Plaintiff-Appellant,

v.

NUVICO INC., IN JIN CHOI,
and JUNIE PARK,

     Defendants-Respondents.

_____

Submitted April 27, 2020 – Decided June 11, 2020

Before Judges Messano and Ostrer.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-5355-18.

Kim & Bae, PC, attorneys for appellant (Andrew C. Miller, on the briefs).

Sung Jin Lee, attorney for respondents In Jin Choi and Junie Park

PER CURIAM

Plaintiff Korea Trade Insurance Corporation (KTIC), also known as K-SURE, appeals from the Law Division's April 4, 2019 order that dismissed plaintiff's amended complaint with prejudice.[1] Plaintiff, "a governmental entity of the Republic of Korea which insures risks arising out of the import and export of goods[,]" alleged that it had reimbursed Korean-based exporter, CK Systems, Inc. (CK), and its negotiating bank, Industrial Bank of Korea, Yeokgok Branch, $480,390 after Nuvico, Inc., a New Jersey-based insolvent corporation in which defendants, In Jin Choi and Junie Park, corporate officers, failed to pay for goods CK shipped to Nuvico on credit. CK and its bank executed a letter of assignment assigning their rights to plaintiff.[2] Plaintiff asserted claims of breach of contract, fraud, and other causes of action against defendants.

---

[1] Plaintiff's complaint states it is also known as "K-SURE," which we adopt throughout this opinion, even though the record contains multiple references to other spellings with varying punctuation. The only exception is our reference to a New York business entity affiliated with plaintiff. There, we use the spelling and punctuation as specifically contained in the record.

[2] Nuvico never appeared in the Law Division and has not participated in this appeal. We recite the facts alleged in plaintiff's amended complaint. See, e.g., Banco Popular N. Am. v. Gandi, 184 N.J. 161, 166 (2005) (holding that in considering a motion to dismiss for failure to state a claim, "courts must 'assume the facts as asserted by plaintiff are true and give [it] the benefit of all inferences that may be drawn in [its] favor.'" (quoting Velantzas v. Colgate-Palmolive Co., 109 N.J. 189, 192 (1988))).

2

This complaint was the third one filed by plaintiff. In 2016, identifying itself only as KTIC, plaintiff filed a virtually identical complaint (KTIC I). Defendants moved for summary judgment, asserting plaintiff lacked standing because it was "not an assignee of any claims" under the purported letter of assignment, which was in favor of K-SURE, not KTIC. The Law Division judge granted defendants' motion.

In a written opinion supporting the order, the judge relied on an unpublished order from the federal district court in the Western District of Pennsylvania cited by defendants. Ksure of N.Y. Corp. v. Raineater, LLC, No. 13-124E, 2015 U.S. Dist. LEXIS 3655 (W.D. Pa. Jan. 12, 2015). There, the federal district court dismissed a suit brought by Ksure of New York Corporation (Ksure N.Y.), when it tried to substitute its parent company, KTIC, as the real party in interest. Id. at *1. The district court judge reasoned that Ksure N.Y. lacked standing, although the order dismissed the suit without prejudice to KTIC's "initiation of proceedings on its own behalf." Id. at *1–2.

The Law Division judge reasoned that the federal district court had "determined that K[-]SURE and [KTIC] are two separate corporations." Despite a certification from KTIC's "Deputy Representative" asserting that KTIC and K-SURE were one and the same, the judge concluded plaintiff's "claims that it is

the same entity as K[-]SURE are unsubstantiated by any competent evidence[,]" and "the undisputed facts reveal . . . [KTIC] is not an assignee or subrogee of the [underlying] agreement[.]"[3]

Plaintiff moved for reconsideration, arguing that the judge had ignored evidence that K-SURE and KTIC were the same entity.[4] Plaintiff supplied a copy of KTIC's articles of incorporation, which stated that KTIC was "[t]he full English name of K-S[URE.]" Nevertheless, the judge denied the motion. In a written statement of reasons, the judge recognized that "[p]laintiff presented new evidence and information which may, in fact, support a cause of action against [d]efendants under a properly named entity." Nevertheless, he reasoned that because plaintiff's "new evidence" was not that which "could not have [been] provided on the first application," and because the judge had sufficiently

<hr>

[3] The judge apparently credited defendants' assertion that the letter of assignment was between "CK . . . and a separate entity, K[-]SURE Corporation of New York . . . ." In fact, the letter of assignment, which was in the record, was between CK and K-SURE, not Ksure N.Y. Moreover, the letter of assignment provided that KTIC paid the assignors' insurance claim, and clearly stated that KTIC would be referred to throughout the balance of the letter of assignment as K-SURE.

[4] While it is unclear from the record at which point the confusion between K-SURE and Ksure N.Y. arose, the record shows that in response to defendants' request for documents, plaintiff first provided Ksure N.Y.'s articles of incorporation.

considered "[all] fact[s] previously submitted in the original motion[,]" plaintiff failed to meet its burden justifying reconsideration. The judge stated, "[n]othing in the court's decision is in any way intended to prohibit a refiling of the complaint identifying the proper entity or entities, as further identified on the record during oral argument." The order denying reconsideration expressly provided plaintiff with an opportunity to refile another complaint.

As a result, plaintiff filed a second complaint under a different docket number (KTIC II), identifying itself as "Korea Trade Insurance Corporation a/k/a K-SURE, as assignee of CK Systems, Inc. and Industrial Bank of Korea, Yeokgok Branch[.]" The complaint failed to include plaintiff's address, but it fully set forth with specificity the factual allegations underlying plaintiff's causes of action against defendants.

Prior to filing an answer, defendants moved for a more definite statement, see Rule 4:6-4(a), before a different judge than the judge assigned to KTIC I. Defense counsel's certification supporting the motion posited the same claims made during the KTIC I litigation, i.e., that KTIC was actually Ksure N.Y., the true assignee, and that the federal district court in Pennsylvania had already decided the issue. During oral argument, defense counsel contended a more definite statement was necessary so that defendants could "know who this

plaintiff is." He cited confusion about documents plaintiff furnished in the KTIC I litigation, and asked the judge to have "an officer or director of that company certify who this plaintiff is[.]" Repeating the statements made in the certification supporting the motion, counsel asserted, "It doesn't matter who [plaintiff is] really, because as long at the trial court granted summary judgment against [it] in a prior action[,] that means the case can't be brought again by the plaintiff in the same court."

After considering oral argument, the judge granted defendant's motion for a more definite statement by order dated December 7, 2018 (December 2018 order). In her oral decision, the judge recognized that her predecessor has "left open the opportunity for plaintiff to file a new claim," but she agreed defendants were entitled to "a more definite statement as to the true identity of the plaintiff[] in this litigation[.]" The December 2018 order required plaintiff to refile its complaint within ten days and "include an allegation identifying [its] legal name and . . . address," a certification by an "officer or director" identified by "full name, title, business address, and phone number" as to the veracity of plaintiff's "legal name and address[,]" and documentation by the certifying director or officer as to the accuracy of the information.

A-3889-18T1

Plaintiff filed an amended complaint in January 2019, more than ten days after entry of the December 2018 order, that included KTIC's assertion that it was also known as K-SURE, its legal address, and, in a footnote, an assertion that K-SURE shared offices in New York City with Ksure N.Y. Attached as exhibits to the amended complaint were a certification from plaintiff's "Recoveries Team's Director[,]" claiming that KTIC and K-SURE were the same entity with the same address, as well as an English translation of plaintiff's articles of incorporation stating the same.

After first moving for and being granted an extension to file an answer, defendants instead moved to dismiss plaintiff's complaint with prejudice pursuant to Rule 4:6-2(e). Plaintiff filed opposition, including a certification by its "Team Leader of the Human Resources Team." She certified as to the accuracy of the earlier certification filed in support of the amended complaint, writing it had been filed by "an officer of [plaintiff], employed as the Director of the Plaintiff[']s Recoveries Team."

The judge considered oral argument on defendants' motion to dismiss and reserved decision. On April 4, 2019, she rendered an oral decision granting defendants' motion to dismiss plaintiff's complaint with prejudice. She found plaintiff's certifications "misleading or . . . not credible[,]" concluding neither

one was from an officer of KTIC. Citing the two orders entered in KTIC I, and plaintiff's failure to appeal either, she reasoned that "all summary judgment decisions are made with prejudice and . . . res judicata bars the refiling of claims between the same parties in a later litigation where those claims were previously decided on the merits." The judge noted that plaintiff asserted it was the same entity that filed KTIC I, thereby failing to satisfy the "window left open . . . by [the first judge] for the refiling of a complaint[.]" The judge dismissed the amended complaint with prejudice "because plaintiff . . . now [had] three attempts to file, name the proper party in its lawsuit . . . against . . . defendants and ha[d] not succeeded." This appeal followed.

Plaintiff contends the judge misapplied the standards governing a motion to dismiss pursuant to Rule 4:6-2(e) and erroneously gave preclusive effect to the summary judgment entered in KTIC I. We agree and reverse.

"A court considering a Rule 4:6-2(e) motion examines 'the legal sufficiency of the facts alleged on the face of the complaint,' Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989), limiting its review to 'the pleadings themselves,' Roa v. Roa, 200 N.J. 555, 562 (2010)." Dimitrakopoulos v. Borrus, Goldin, Foley, Vignuolo, Hyman & Stahl, PC, 237 N.J. 91, 107 (2019). The Rule usually anticipates that if materials outside the

pleadings are considered, "th[e] motion becomes a motion for summary judgment, and the court applies the standard of Rule 4:46." Ibid. (citing Roa, 200 N.J. at 562). Here, however, the judge's prior order required plaintiff to not only file an amended complaint, but also supply certifications from corporate officers to support its identity and relationship to K-SURE and aver as to the veracity of the pleading. As per her order, plaintiff included these certifications as exhibits to the amended complaint when filed. See Myska v. N.J. Mfrs. Ins. Co., 440 N.J. Super. 458, 482 (App. Div. 2015) ("[A] court may consider documents specifically referenced in the complaint 'without converting the motion [to dismiss for failure to state a claim] into one for summary judgment.'" (quoting E. Dickerson & Son, Inc. v. Ernst & Young, LLP, 361 N.J. Super. 362, 365 n.1 (App. Div. 2003), aff'd, 179 N.J. 500 (2004))).

"An appellate court reviews de novo the trial court's determination of the motion to dismiss . . . ." Dimitrakopoulos, 237 N.J. at 108 (citing Stop & Shop Supermarket Co., v. Cty. of Bergen, 450 N.J. Super. 286, 290 (App. Div. 2017)). "It owes no deference to the trial court's legal conclusions." Ibid. (citing Rezem Family Assocs. v. Borough of Millstone, 423 N.J. Super. 103, 114 (App. Div. 2011)).

In assessing the dismissal of a complaint under <u>Rule</u> 4:6-2(e), we "search the complaint 'in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim[.]'" <u>Banco Popular</u>, 184 N.J. at 165 (quoting <u>Printing Mart-Morristown</u>, 116 N.J. at 746). The motion "should be granted in 'only the rarest [of] instances.'" <u>Ibid.</u> (alteration in original) (quoting <u>Lieberman v. Port Auth. of N.Y. & N.J.</u>, 132 N.J. 76, 79 (1993)). The amended complaint clearly stated an actionable claim against defendants, and they do not argue otherwise.

Instead, as they did before the motion judge, defendants contend plaintiff was barred from proceeding under the amended complaint because it contained the same factual allegations made in <u>KTIC I</u>, which was brought by the same plaintiff and dismissed by the grant of summary judgment, a final order entered with prejudice. Defendants contend that the first judge's order denying reconsideration "[n]ever [p]rovided [p]laintiff with [p]ermission to [c]ommence another [a]ction against the [s]ame [d]efendants[.]" Lastly, defendants argue we should affirm because plaintiff failed to comply with the December 2018 order requiring it to file the amended complaint within ten days, along with certifications from an officer or director. We reject these arguments.

The judge in <u>KTIC I</u> granted summary judgment by concluding that plaintiff lacked standing because the assignment at issue was between CK and K-SURE.[5] In granting defendants' motion to dismiss in <u>KTIC II</u>, the judge relied on two cases cited by defendants for the proposition that the grant of summary judgment was a final adjudication on the merits of the case, and, therefore, entitled to preclusive effect under the doctrine of res judicata. <u>See</u> <u>Velasquez v. Franz</u>, 123 N.J. 498, 507–08 (1991) (holding that a federal court's dismissal of prior suit based on the defendant's lack of capacity to be sued barred subsequent suit on same claim in state court); <u>Auster v. Kinoian</u>, 153 N.J. Super. 52, 56 (App. Div. 1977) (noting that "the whole point of the summary judgment practice [is] to enable a party in appropriate circumstances to obtain, on motion and without plenary trial, the final adjudication of an action, in full or in part, on its merits"). However, these cases are readily distinguishable, and reliance

---

[5] On the motion record presented, it appears the judge in <u>KTIC I</u> was mistaken when he concluded that KTIC lacked standing. We cannot say for sure, since the appellate record does not include all of what was before the Law Division in <u>KTIC I</u>. Nevertheless, it would seem that although KTIC was the sole plaintiff named in the complaint in that case, there was sufficient evidence demonstrating KTIC and K-SURE's identity of interest with respect to the letter of assignment. Plaintiff never appealed the summary judgment order or the denial of its motion for reconsideration, and we need not resolve whether the decision in <u>KTIC I</u> was correct or not. What matters is that the order granting summary judgment and the order denying reconsideration were premised on the legal conclusion that KTIC lacked standing to bring the suit.

A-3889-18T1

upon them to preclude plaintiff from proceeding on the amended complaint in KTIC II because of res judicata represents a misapprehension of our jurisprudence.

"For a judicial decision to be accorded res judicata effect, it must be a valid and final adjudication on the merits of the claim." Velasquez 123 N.J. at 506 (emphasis added) (citing Restatement (Second) of Judgments, § 27 (1982)). "Standing is . . . a threshold issue. It neither depends on nor determines the merits of a plaintiff's claim." Watkins v. Resorts Int'l Hotel & Casino, 124 N.J. 398, 417 (1991) (citing Allen v. Wright, 468 U.S. 737, 750–51 (1984)). "A dismissal for lack of standing, like one for lack of jurisdiction, amounts to a refusal by the court to resolve the matter." Id. at 418. In Watkins, the Court explicitly distinguished its prior holding in Velasquez, noting that "a dismissal for lack of capacity to be sued, unlike a dismissal for lack of standing, constitutes a judgment 'on the merits.' Standing [on the other hand,] must be resolved before a court proceeds to determine the merits of a suit." Ibid. (quoting Velasquez, 123 N.J. at 507–08).

Our decision in Auster is entirely distinguishable because our holding there had nothing to do with standing. Instead, we affirmed the trial court's grant of summary judgment because the plaintiffs were unable to point to any evidence

12

supporting their negligence claim. 153 N.J. Super. at 54–55. Judge Pressler, writing for our court, nonetheless pointed out that it was error, albeit harmless, for the motion judge to grant summary judgment without prejudice, because that represented a "fundamental misconception of the nature and purpose of [summary judgment] practice." Id. at 56.

A summary judgment dismissing a complaint for lack of standing, however, is not entitled to preclusive effect because generally speaking, it is not, and was not in KTIC I, a final adjudication on the merits of the complaint. Watkins, 124 N.J. at 417–18; accord Cherokee LCP Land, LLC v. City of Linden Planning Bd., 234 N.J. 403, 423 (2018) ("Standing is a 'threshold issue' that 'neither depends on nor determines the merits of a plaintiff's claim.'" (quoting Watkins, 124 N.J. at 417)).[6]

Defendants cannot complain that plaintiff's failure to appeal the orders in KTIC I compels us to affirm the order under review. Simply put, the order denying reconsideration offered plaintiff the opportunity to file another complaint. Implicit in that order was recognition that despite being called

---

[6] Denominating the order in KTIC I as one granting "summary judgment" does not accord it some talismanic equivalence to a final judgment on the merits. Indeed, we have recognized that the question of standing is cognizable when brought as a motion to dismiss under Rule 4:6-2(e). In re Ass'n of Trial Lawyers of Am., 228 N.J. Super. 180, 181–82 (App. Div. 1988).

"summary judgment," the order for which the judge denied reconsideration, lacked finality as to the merits of plaintiff's allegations in <u>KTIC I</u>, and explicitly contemplated further litigation. <u>See</u> <u>Grow Co. v. Chokshi</u>, 403 N.J. Super. 443, 460–61 (App. Div. 2008) (criticizing dismissal without prejudice, and contemplation of potential future litigation between the parties, as a method to avoid interlocutory appellate practice). Certainly, had defendants thought the resolution of <u>KTIC I</u> was a final adjudication on the merits of plaintiff's claim, they would have considered appealing the lifesaver of refiling the complaint thrown to plaintiff by the judge in his order denying reconsideration.

We also reject plaintiff's alleged failure to file the amended complaint within ten days of the December 2018 order, or its failure to supply a certification from one of its directors or officers, as independent bases to affirm dismissal of the amended complaint. <u>Rule</u> 4:6-4(a) provides:

> If a responsive pleading is to be made to a pleading which is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the party may move for a more definite statement before interposing a responsive pleading. The motion shall point out the defects complained of and the details desired. If the motion is granted and the order of the court not complied with within [ten] days after notice of the order or within such other time as the court fixes, the court may strike the pleading to which the motion was directed or make such order as it deems appropriate.

In rendering her oral decision, the judge did not consider the lateness of the filing as significant, although she did conclude that plaintiff had not furnished any certifications from a corporate office or director. She did not consider this failure as a basis to grant the motion to dismiss; rather, the judge cited this failure as support for her conclusion that the plaintiff in KTIC II was no different than the plaintiff in KTIC I, and the summary judgment in the earlier litigation was an absolute bar to prosecution of the amended complaint by application of res judicata.

Defendants have provided no authority supporting the proposition that some technical failure to comply with an order entered pursuant to Rule 4:6-4(a), as occurred here, can independently justify dismissal of the complaint with prejudice. Motions for more definite statements are disfavored and should be granted only in extreme circumstances. See, e.g., Voltube Corp. v. B. & C. Insulation Prods., Inc., 20 N.J. Super. 250, 255 (Ch. Div. 1951) (interpreting prior iteration of Rule as only authorizing relief "where the allegations . . . are so vague or ambiguous that a party cannot . . . frame a responsive pleading[,]" and "only in extreme cases." (citing Gorecki v. Gorecki, 1 N.J. Super. 471 (Ch. Div. 1948))). If an order entered under the Rule is not obeyed, the court may "strike a pleading to which the motion was directed or make such order as it

deems appropriate." R. 4:6-4(a). Our research reveals no authority for dismissal with prejudice upon a parties minor failure to comply with the ten-day deadline under the Rule.

A fair reading of the amended complaint demonstrates compliance with our court rules, and the pleading adequately stated causes of action. It specifically identified KTIC and K-SURE, as well as the letter of assignment upon which plaintiff's ability to sue defendants was premised. It was error to dismiss the amended complaint under Rule 4:6-2(e), or by application of res judicata.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-3889-18T1